HUTCHINGS v DAVE DEMAREST & COMPANY

1. JUDGMENT—SUMMARY JUDGMENT—MATERIAL ISSUE OF FACT—
   COURT RULE.

   Summary judgment is not to be granted unless it can be said,
   giving the benefit of every reasonable doubt to the party
   opposing the motion, that there is no genuine issue as to any
   material fact (GCR 1963, 117.2[3]).

2. JUDGMENT—SUMMARY JUDGMENT—EVIDENCE—MATERIAL ISSUE OF
   FACT—COURT RULE.

   Summary judgment is proper where after reviewing all affidavits
   filed along with the pleadings, depositions, admissions, and
   documentary evidence the trial court determines there is no
   genuine issue as to any material fact (GCR 1963, 117.3).

3. JUDGMENT—SUMMARY JUDGMENT—EVIDENCE.

   A trial court erred in granting a motion for summary judgment
   to a defendant where it was not impossible for a plaintiff's
   claim to be supported at trial because of some deficiency which
   could not be overcome, and where the evidence in the record,
   both circumstantial and direct, was sufficient to allow a plain-
   tiff to proceed with his proofs at trial.

Appeal from Wayne, John M. Wise, J. Submitted
Division 1 November 15, 1973, at Detroit. (Docket
No. 15322.) Decided March 27, 1974.

Complaint by Stuart E. Hutchings against Dave
Demarest & Company, Kiekhaefer Mercury Corpo-
ration, and MacDell Corporation for damages re-
sulting from breach of contract, conspiracy to
destroy and interfere with plaintiff's business rela-
tions, and tortious interference with plaintiff's
contractual relationships. Summary judgment for

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 73 Am Jur 2d, Summary Judgment § 26.

defendant MacDell Corporation. Plaintiff appeals. Reversed.

*Marston & Marston,* for plaintiff.

*Barris, Sott, Denn & Driker,* for defendant Mac-Dell Corporation.

Before: V. J. BRENNAN, P. J., and T. M. BURNS and VAN VALKENBURG,* JJ.

V. J. BRENNAN, P. J. Plaintiff, Stuart E. Hutchings, appeals from a decision of the Wayne County Circuit Court granting defendant MacDell Corporation's motion for summary judgment. GCR 1963, 117.2(3).

The transactions which are the subject of the present controversy arose out of plaintiff's attempt to provide certain lathes and tooling to Kiekhaefer Mercury Corporation (hereinafter called Kiekhaefer) for use in its business. On January 18, 1971, plaintiff submitted a written offer to Kiekhaefer wherein plaintiff proposed to furnish Kiekhaefer with three used double-deck pin-turning lathes and the required tooling for $208,000. It was plaintiff's intention, if he received the order, to have the tooling work done by the Norton Company of Fostoria, Ohio. Upon receipt of this quotation Kiekhaefer began an investigation of the feasibility of the proposal, including an inspection of the Norton Company's facilities. After this inspection was completed plaintiff was advised that his proposal had been forwarded for funding approval. He was subsequently informed, however, that his proposal had been shelved.

During this same period plaintiff had been in contact with Dave Demarest and Co. and had

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

arranged to purchase five LeBlond Crankshaft lathes for $20,000. This arrangement was acknowledged by Demarest through an invoice dated February 16, 1971. The terms of the sale provided for "net cash" payment with the shipping date and instructions to be provided. The lathes were of the type plaintiff proposed to furnish Kiekhaefer and it was plaintiff's intention to use these lathes to satisfy his anticipated obligation to Kiekhaefer. On March 5, 1971, however, Demarest sold three of the machines plaintiff sought to buy to the Mac-Dell Corporation who, in turn, sold them to Kiekhaefer. Plaintiff thereupon brought this action against Kiekhaefer Mercury Corporation, Dave Demarest and Co., and the MacDell Corporation in three counts. The first count sought to recover damages from defendant Demarest for breach of contract while the other two counts sought to hold all three defendants liable for conspiracy to destroy and interfere with plaintiff's business relations and for tortiously interfering with plaintiff's contractual relationships. After the defendants answered plaintiff's complaint, a substantial amount of time was spent by the parties in taking depositions for discovery purposes. Both defendant MacDell and Kiekhaefer finally moved for summary judgment pursuant to GCR 1963, 117.2(1) and (3). The defendants' motions for summary judgment were supported by affidavits, as required by GCR 1963, 117.3[1], and accompanied by briefs in support thereof. Plaintiff filed an affidavit and brief in opposition to the defendants' motions. After a hearing was held on the motions, the trial judge denied defendant Kiekhaefer's motion but granted the motion of defendant MacDell, finding

---

[1] *See DeMare Brothers Construction Co, Inc v Teska,* 49 Mich App 642; 212 NW2d 602 (1973).

that there was no genuine issue as to any material fact. GCR 1963, 117.2(3). It is from this decision that plaintiff appeals.

As stated earlier, a substantial amount of time has been spent by the parties in taking depositions for discovery purposes. The testimony contained in these depositions and the affidavits which have been filed reveals that after defendant Kiekhaefer's representatives visited the Norton Company a decision was reached to explore other means of obtaining these materials. In pursuit of this objective a representative of Kiekhaefer contacted the president of MacDell, Mr. Belford Small, and asked him whether his company was able to supply the necessary machines and tooling. Mr. Small stated that he thought they would be able to do so and requested a set of blueprints. After the blueprints had been received, Mr. Small recommended that Kellogg Crankshaft Company of Jackson, Michigan do the tooling and arranged a time for Kiekhaefer's representative to examine Kellogg's facilities. Mr. Small had also contacted the Demarest Company and determined that it had the lathes necessary to do the job. Accordingly, a business trip was set up for representatives of Kiekhaefer and Mr. Small to examine the Kellogg facilities and the lathes at Demarest. Although Mr. Small was previously advised that the lathes at Demarest were being "held" for another customer, it wasn't until this trip that he learned that they were being held for plaintiff, who also intended to use them to satisfy Kiekhaefer's needs. After examining the machines and finding them to be satisfactory, Mr. Small told Mr. Demarest that he was prepared to issue an order for three of the lathes if it could be accepted. Mr. Demarest again advised Mr. Small that he could not accept an order on these machines. According to the deposition of Mr. Demarest, Mr. Small also stated that

he did not think that Kiekhaefer was going to buy the machines from plaintiff. Mr. Demarest's deposition testimony also indicates that there was some discussion between the parties as to plaintiff's ability to pay for the machines. Upon his departure, Mr. Small stated that he would be interested in buying the machines if they should subsequently become available. On March 2, 1971, Demarest sent a telegram to plaintiff stating that if the money due on the machines was not received by noon on March 5, 1971, they would no longer hold the machines. Plaintiff, who claims that he never received this telegram, failed to send the money by the appointed time. MacDell, therefore, was notified that the machines were available and the sale was consummated.

In a situation such as this, where the case has not yet proceeded to trial, summary judgment under GCR 1963, 117.2(3) is not to be granted unless it can be said, giving the benefit of every reasonable doubt to the party opposing the motion, that there is no genuine issue as to any material fact. *Rizzo v Kretschmer,* 389 Mich 363, 207 NW2d 316 (1973); *Rowen & Blair Electric Co v Flushing Operating Corp,* 49 Mich App 89, 211 NW2d 527 (1973). In determining whether such an issue does exist the court is required to consider all affidavits filed under GCR 1963, 117.3 along with the "pleadings, depositions, admissions, and documentary evidence then filed in the action or submitted by the parties". If, after reviewing these materials, it appears that there is no genuine issue as to a material fact then the granting of a motion for summary judgment is proper.

In the case at bar the record is clear that defendant MacDell approached defendant Demarest for the purpose of buying these machines with full knowledge of the fact that plaintiff had earlier arranged for their purchase. This, of course, is not

sufficient, in the absence of some showing that defendant MacDell procured or induced defendant Demarest to breach the alleged contract with plaintiff, to allow plaintiff to go to trial. *Wilkinson v Powe,* 300 Mich 275, 1 NW2d 539 (1942). It is on this point, defendant asserts, that plaintiff has failed to establish the existence of any evidentiary basis for his claim. Defendant contends that the entire record is devoid of any fact indicating that MacDell somehow induced or procured defendant Demarest's breach of the alleged contract. We disagree. Mr. Demarest, in his deposition, related that during Mr. Small's visit to Demarest there was some conversation relative to the fact that plaintiff's deal with Kiekhaefer would not be completed and some discussion as to plaintiff's ability to pay. Mr. Small, by deposition and affidavit, has denied making any such statement to Mr. Demarest and has stated that MacDell did not, either directly or indirectly, procure or induce Demarest to breach the alleged contract. The factual issue had thus been framed and we find ourselves unable to say, as we now must to affirm the grant of a motion for summary judgment, that, giving the benefit of every reasonable doubt to plaintiff, it is impossible for plaintiff's claim to be supported at trial "because of some deficiency which cannot be overcome". *Rizzo v Kretschmer, supra.* The evidence presently in the record, both circumstantial and direct, is sufficient to allow plaintiff to proceed with his proofs at trial.

We hold, therefore, that the trial judge erred in granting defendant MacDell's motion for summary judgment. Accordingly, the decision of the trial judge is reversed and the case remanded for trial on the merits.

Reversed and remanded.

All concurred.