SAVESKI v CALIFORNIA FEDERAL SAVINGS & LOAN
ASSOCIATION

1. JUDGMENT—SUMMARY JUDGMENT—PLAINTIFF'S ALLEGATIONS—DE-
FICIENCY—COURT RULES.

A plaintiff's well pleaded allegations are taken as true for pur-
poses of deciding a motion for summary judgment, and sum-
mary judgment is appropriate only when plaintiff's claim must
fail because of some deficiency which cannot be overcome (GCR
1963, 117.2).

2. JUDGMENT—SUMMARY JUDGMENT—AFFIDAVITS—TRUTH—CREDIBIL-
ITY—TRIER OF FACT.

A motion for summary judgment cannot be granted where the
truth of a material factual assertion of a movant's affidavit
depends on the affiant's credibility because there inheres a
genuine issue to be decided at a trial by a trier of fact.

3. JUDGMENT—SUMMARY JUDGMENT—AFFIDAVIT OF COUNSEL—BUR-
DEN OF PROOF—KNOWLEDGE OF OCCUPANCY—FAILURE TO CON-
VEY—QUESTIONS OF FACT—TRIER OF FACT.

An affidavit of counsel for a defendant mortgagee which states
that he did not request the eviction of the plaintiffs, renters of
an upper flat in a building being repossessed, and that he did
not direct the bailiff's method of serving the writ or ousting
trespassers from possession, does not satisfy defendant's burden
of showing the absence of a genuine issue as to a material fact
justifying summary judgment in plaintiff's action for damages
because if, in fact, defendant knew or should have known of the
dual occupancy it could have been found to have impliedly
directed the improper actions of the bailiff; whether the actions
of the defendant taken as a whole constitute an unreasonable
failure to convey their knowledge of plaintiff's leasehold to the
bailiff is a question of fact to be resolved by the trier of fact.

Appeal from Wayne, John D. O'Hair, J. Submit-

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Summary Judgment § 16.
[2, 3] 73 Am Jur 2d, Summary Judgment §§ 27, 36.

ted June 19, 1975, at Detroit. (Docket No. 21183.) Decided August 27, 1975. Leave to appeal denied, 396 Mich —.

Complaint by Bozin Saveski and Krastana Saveski against California Federal Savings & Loan Association, and Thomas Ingersoll and Susan Ingersoll jointly and severally for damages for trespass. Judgment for defendants. Plaintiffs appeal. Reversed and remanded.

*Coticchio, Zotter & Sullivan, P. C.,* for plaintiff.

*Beaumont, Smith & Harris* (by *John F. Burns),* for defendant.

Before: T. M. BURNS, P. J. and QUINN and M. J. KELLY, JJ.

M. J. KELLY, J. Plaintiffs-appellants were the lessees and occupants of an upper flat located at 5411 Tarnow in the City of Detroit. On January 25, 1973, a bailiff of the Detroit Common Pleas Court obtained access to the premises while the plaintiffs were away, pitched their furniture and furnishings from the second-story porch to the ground and padlocked the plaintiffs out of the premises. Plaintiffs brought suit against the mortgage company, California Federal, which obtained summary judgment in its favor below. Plaintiffs appeal of right.

The complaint alleges, and the parties are in apparent agreement, that 5411 Tarnow is a· two-family flat in Detroit that was owned by Thomas and Susan Ingersoll who leased the upper flat to the plaintiffs for $85 a month. Plaintiffs lived in the upper flat while the owners lived in the lower. The owners fell behind in their mortgage payments to California Federal, the mortgage was

foreclosed and the redemption period expired in November of 1972. California Federal filed complaint to recover possession in the Landlord-Tenant Division of the Common Pleas Court naming the owners as trespassers in possession but failing to name the plaintiffs and failing to indicate any division of occupancy by upper and lower flats. Notice of the complaint and subsequent writ of restitution were served on the owners but not the plaintiffs. The bailiff in executing the writ treated the premises as a whole and wreaked his restitution accordingly.

The basis on which California Federal obtained summary judgment in its favor was that it successfully disassociated itself from the bailiff's activities. Counsel for California Federal filed an affidavit in which he stated that he did not request the eviction of the plaintiffs and that he did not direct the bailiff's method of serving the writ or ousting the trespassers from possession. The lower courts grounded relief on the affidavit and we think improperly so.

Taking the plaintiffs' pleaded allegations as true for purposes of deciding the motion for summary judgment[1] the complaint alleges as follows:

[1] The motion for summary judgment recites GCR 1963, 117.2(1) and claims that plaintiffs have failed to state a claim upon which relief can be granted. Such a motion tests the legal sufficiency of the complaint. *Crowther v Ross Chemical Co,* 42 Mich App 426; 202 NW2d 577 (1972). On its face, the complaint in the instant case states a justiciable claim, hence summary judgment under GCR 1963, 117.2(1) is inappropriate.

However, it appears that the motion was treated by the parties and trial court as if brought under GCR 1963, 117.2(3). For example, defendant filed an affidavit and the trial court considered documentary evidence. Under GCR 1963, 117.3, affidavits and documents are pertinent only to a motion brought under subrule 117.2(3). Finding that neither party has been misled, we follow *Todd v Biglow,* 51 Mich App 346, 350; 214 NW2d 733 (1974), and consider this ostensible 117.2(1) motion as a 117.2(3) motion. The decisive question is whether there is a genuine issue as to any material fact.

"8. That the California Federal Savings & Loan Association, or their servicing agent, the Continental Acceptance Corporation, knew or should have known that the mortgaged premises consisted of a two-family flat, and knew or should have known of your plaintiffs' occupancy of the premises; or alternatively they did fail to investigate the premises and determine if the upper flat was in possession of any third parties.

"9. That during the course of the foreclosure proceedings, no notice of said proceedings was ever given to these plaintiffs by any of the defendants.

"10. That the California Federal Savings & Loan Association instituted summary proceedings in the Common Pleas Court for the City of Detroit, seeking recovery of the possession of the entire premises, but did fail to give any notice of these proceedings to these plaintiffs, who were in lawful possession of the upper flat, such notice as required by the Summary Proceedings Act, MSA 278.5701 *et seq.*

"11. That the writ of eviction prepared and filed by the California Federal Savings & Loan Association was invalid as the same was directed against the entire premises, and especially your plaintiffs' premises, which were not subject to the eviction proceeding.

"12. That the defendants Thomas J. Ingersoll and Susan Ingersoll did fail to advise your plaintiffs of the aforedescribed proceedings, and further did continue to receive all of the rents, payable in advance, from these plaintiffs.

"13. That on January 25, 1973, a Common Pleas Court bailiff did evict your plaintiffs, without any prior notice, from the aforedescribed premises, pursuant to a writ of eviction ordering the entire premises to be restored to California Savings & Loan Association.

"14. That in the course of that eviction, all of the furniture and personal possession of your plaintiffs were thrown to the ground from the second story porch, and were left exposed to the winter elements, which caused the loss and destruction of the same to these plaintiffs.

"15. That upon returning to the premises on January 25, 1973, your plaintiffs found the same padlocked and

that their lawful possession was disrupted and they had been barred from the premises since then.

"16. That the aforedescribed wrongful eviction was to your plaintiffs' great loss and detriment, embarrassment, humiliation and mental anguish.

"17. That said eviction was intentional, willful and wanton, in total disregard of the rights of these plaintiffs when all of the defendants had actual or constructive notice of these plaintiffs' lawful tenancy."

We do not believe that the affidavit of defendant's counsel conclusively negates any connection between the bailiff's activity and defendant. In *Brown v Pointer,* 390 Mich 346, 354; 212 NW2d 201 (1973), it was held that "where the truth of a material factual assertion of a movant's affidavit depends on the affiant's credibility, there inheres a genuine issue to be decided at a trial by the trier of fact and a motion for summary judgment cannot be granted". The affidavit filed on behalf of California Federal states that it "had no control over service of the writ by said bailiff, and did not direct said bailiff or any other person to evict or take any other actions against plaintiffs in this cause". This does not contravene the issues raised in plaintiffs' complaint. It is obvious that a material mistake of fact occurred at the beginning of this litigation. Somehow the fact that the property was a two-family flat (income) was overlooked. Plaintiffs' occupancy was overlooked. We do not trace this inadvertance to California Federal, but it is a clear question of fact for the trier of fact.

Summary judgment is appropriate only when plaintiffs' claim must fail "because of some deficiency which cannot be overcome". *Hutchings v Dave Demarest Co,* 52 Mich App 274; 217 NW2d 72 (1974), *Rizzo v Kretschmer,* 389 Mich 363; 207 NW2d 316 (1973). The deficiency could be over-

come if the bailiff testified that he was directed by California Federal's attorney. The bailiff was not deposed nor was his affidavit filed. The affidavit of defendant's counsel does not satisfy defendant's burden of showing the absence of a genuine issue as to a material fact. This is so because if in fact defendant knew or should have known of the dual occupancy it could have been found to have impliedly directed the improper actions of the bailiff. *Foster v Wiley,* 27 Mich 244, 247; 15 AR 185 (1873), *Reinecke v Sheehy,* 47 Mich App 250, 261, 262; 209 NW2d 460 (1973).

Plaintiffs also claim that defendant had actual or constructive notice of plaintiffs' tenancy. They claim that notwithstanding this knowledge defendant failed to take reasonable steps to protect plaintiffs' right to possession. Whether the actions of defendant taken as a whole constitute an unreasonable failure to convey their knowledge of plaintiffs' leasehold to the bailiff is a question of fact to be resolved by the trier of fact.

Reversed and remanded. Costs to appellants.