## WILLIAMS v MARTIMUCCI

Docket No. 78-2266. Submitted December 11, 1978, at Lansing.— Decided January 17, 1979.

Ricky R. Williams, an inmate at the State Prison of Southern Michigan, made a written request for copies of documents in his prison file under the Freedom of Information Act. A waiver of costs was requested with an affidavit of indigency attached. Michael Martimucci, supervisor of prisoners' records, checked the institutional indigency list for the month and found that Williams' name was not on it. He allowed Williams to review the records, but refused to tender copies because Williams did not pay the $3 fee for the cost of processing the request. Williams brought an action in Jackson Circuit Court seeking an order directing Martimucci to provide copies of the requested records, assessment of costs and $500 in punitive damages for willful, arbitrary and capricious violation of the freedom of information statute. Summary judgment for defendant, Charles J. Falahee, J. The court held that defendant had not acted in an arbitrary or capricious manner in refusing to provide copies of the requested prison records. Plaintiff appeals. *Held:*

Arbitrary or capricious refusal or delay in disclosing or providing copies of a public record by a public body may result in an award of actual or additional compensatory damages and punitive damages in the amount of $500 to the petitioner for violation of the Freedom of Information Act. Where a prisoner's name did not appear on the institutional indigency list for the month, which would lead a supervisor of prisoner records to believe that an inmate was not entitled to a waiver of fees for copies, refusal to comply with his request did not amount to willful, arbitrary or capricious conduct in violation of the statute.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 66 Am Jur 2d, Records and Recording Laws §§ 43, 45.
[2] 66 Am Jur 2d, Records and Recording § 14.

1. ADMINISTRATIVE LAW — FREEDOM OF INFORMATION ACT — DISCLO-
   SURE OF INFORMATION — PUBLIC RECORDS — DAMAGES — STAT-
   UTES.

   The Michigan Freedom of Information Act requires a circuit
   court, if it finds a public body has arbitrarily and capriciously
   violated the act by refusal or delay in disclosing or providing
   copies of a public record, to award in addition to actual or
   compensatory damages, punitive damages in the amount of
   $500 to the person seeking the right to inspect or receive a
   copy of a public record (MCL 15.240[5]; MSA 4.1801[10]).

2. ADMINISTRATIVE LAW — FREEDOM OF INFORMATION ACT — DISCLO-
   SURE OF INFORMATION — PRISON RECORDS — INDIGENCY LISTS —
   WAIVER OF FEES.

   A supervisor of prisoners' records did not act without reason, or
   in an arbitrary, capricious or whimsical manner in refusing to
   tender copies of materials properly requested by an inmate
   under the Freedom of Information Act where the prisoner's
   name did not appear on the institutional indigency list, which
   led the supervisor to believe that the inmate was not entitled to
   copies of the requested records because he had not tendered the
   fees and had not shown that he was entitled to a waiver of fees.

Ricky R. Williams, *in propria persona.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Mark E. Blumer,* Assistant Attorney General, for defendant.

Before: R. B. BURNS, P.J., and J. H. GILLIS and V. J. BRENNAN, JJ.

J. H. GILLIS, J. This action comes on appeal by right from an order granting defendant's motion for summary judgment. There is no dispute as to the facts.

Plaintiff is an inmate at the State Prison of Southern Michigan. Defendant is the manager of general office services at the prison. His responsibilities include supervision of the prisoners' records.

Plaintiff made a written request for copies of six

documents in his file. A waiver of costs was requested and an affidavit of indigency attached. Both the record request and the fee waiver were made under the Freedom of Information Act. MCL 15.231 *et seq.;* MSA 4.1801(1) *et seq.*

Defendant checked the institutional indigency list for the month and found that Williams' name was not on it. He, therefore, refused to tender copies of the materials requested because plaintiff did not pay the $3 fee for the cost of processing the request. Defendant did allow plaintiff to review the records.

Plaintiff brought an action in Jackson County Circuit Court seeking an order directing defendant to provide copies of the requested records, assessment of costs against defendant and $500 punitive damages for willful, arbitrary and capricious violation of the Freedom of Information Act as allowed under § 10(5) of the act.

Defendant failed to answer and a default was entered against him. He subsequently sought to have the default set aside and made a motion for summary judgment pursuant to GCR 1963, 117.2(1), failure to state a claim upon which relief could be granted. Defendant also attached copies of the requested materials. Plaintiff responded and requested summary judgment in his favor.

The circuit court found that the facts alleged did not support plaintiff's claim that defendant acted in an arbitrary and capricious manner. Summary judgment in favor of defendant was entered. On appeal plaintiff claims the trial court erred in finding defendant's acts were not arbitrary and capricious.

Section 10(5) of the Freedom of Information Act provides as follows:

"In an action commenced pursuant to this section, if the circuit court finds that the public body has arbitrarily and capriciously violated this act by refusal or delay in disclosing or providing copies of a public record, the court shall, in addition to any actual or compensatory damages, award punitive damages in the amount of $500.00 to the person seeking the right to inspect or receive a copy of a public record. The damages shall not be assessed against an individual, but shall be assessed against the next succeeding public body, not an individual, pursuant to whose public function the public record was kept or maintained." MCL 15.240(5); MSA 4.1801(10)(5).

There is no case law dealing with the terms "arbitrarily" and "capriciously" as used in this statute. However, in *Bundo v Walled Lake*, 395 Mich 679, 703, fn 17; 238 NW2d 154 (1976), the Supreme Court stated that the terms have generally accepted meanings:

"The words 'arbitrary' and 'capricious' have generally accepted meanings. The United States Supreme Court has defined the terms as follows:

"Arbitrary is: ' "[W]ithout adequate determining principle * * * Fixed or arrived at through an exercise of will or by caprice, without consideration or adjustment with reference to principles, circumstances, or significance, * * * decisive but unreasoned." '

"Capricious is: ' "[A]pt to change suddenly; freakish; whimsical; humorsome." '

*United States v Carmack*, 329 US 230, 243; 67 S Ct 252; 91 L Ed 209 (1946)."

While defendant's actions in going beyond the affidavit of indigency were not authorized by

FOIA[1] we agree with the trial court that defendant did not act arbitrarily or capriciously. The fact that plaintiff's name did not appear on the prison's indigency list led defendant to believe that Williams was not entitled to a waiver of fees. Though mistaken, defendant did not act without reason. In addition, plaintiff was given the opportunity to review the requested materials. It is, therefore, evident that defendant's decision was not arrived at without consideration of principles or circumstances nor was it "whimsical".

While defendant's motion was based upon GCR 1963, 117.2(1), the court actually made its determination upon the pleadings and an affidavit filed by defendant. Summary judgment pursuant to GCR 1963, 117.2(3) would seem to be the proper basis. However, no error in this regard has been raised on appeal and neither party has been misled. See *Todd v Biglow,* 51 Mich App 346; 214 NW2d 733 (1974), *Saveski v California Federal Savings & Loan Ass'n* 63 Mich App 747, 749, fn 1; 235 NW2d 34 (1975), Bashara, *The Elusive Summary Judgment Rule: Sifting Through the Maze,* 1976 Det Col L Rev 397, 419-421.

Plaintiff also argues that the trial court erroneously awarded costs to defendant. This argument has no basis since the lower court order did not award costs to defendant.

Affirmed. No costs, a public question being involved.

---

[1] MCL 15.234(1); MSA 4.1801(4)(1) provides in part as follows:

"A copy of a public record shall be furnished without charge for the first $20.00 of the fee for each request, to an individual who submits an affidavit stating that the individual is then receiving public assistance or, if not receiving public assistance, stating facts showing inability to pay the cost because of indigency."