No. 83-741. FALCONE V. INTERNAL REVENUE SERVICE. C. A. 6th Cir. Certiorari denied.

JUSTICE WHITE, dissenting.

Petitioner, a tax attorney, requested information from the Internal Revenue Service under the Freedom of Information Act (FOIA), 5 U. S. C. § 552. When the IRS denied the request, petitioner filed an action in Federal District Court under 5 U. S. C. § 552(a)(4)(B). The District Court ordered that certain requested documents be released, and the subsequent appeal was dismissed at the IRS's request.

Petitioner then filed a motion for attorney's fees under 5 U. S. C. § 552(a)(4)(E), which provides for an award of "reasonable attorney fees" to a plaintiff who has "substantially prevailed" in an FOIA case. The District Court denied the motion, finding that although petitioner had prevailed, the IRS had not acted unreasonably in refusing to release the documents. 535 F. Supp. 1313 (ED Mich. 1982). The Court of Appeals for the Sixth Circuit affirmed that ruling but on a different ground, concluding that § 552(a)(4)(E) does not authorize an attorney's fees award for *pro se* attorney plaintiffs. 714 F. 2d 646 (1983).

Most Courts of Appeals, including the Court of Appeals for the Sixth Circuit, have concluded that a nonattorney plaintiff proceeding *pro se* is not entitled to recover attorney's fees under § 552(a)(4)(E) or similar attorney's fees provisions. See, *e. g.*, *Wolfel* v. *United States*, 711 F. 2d 66, 68 (CA6 1983); *Clarkson* v. *IRS*, 678 F. 2d 1368, 1371 (CA11 1982); *Cunningham* v. *FBI*, 664 F. 2d 383, 388 (CA3 1981); *Barrett* v. *Bureau of Customs*, 651 F. 2d 1087, 1090 (CA5 1981), cert. denied, 455 U. S. 950 (1982); *Crooker* v. *United States Department of Justice*, 632 F. 2d 916 (CA1 1980); *Burke* v. *United States Department of Justice*, 559 F. 2d 1182 (CA10 1977), aff'g 432 F. Supp. 251 (Kan. 1976); but see *Cox* v. *United States Department of Justice*, 195 U. S. App. D. C. 189, 193–194, 601 F. 2d 1, 5–6 (1979). However, the Court of Appeals for the Fifth Circuit has held that, unlike their nonattorney counterparts, FOIA plaintiffs who are attorneys are not precluded from recovering attorney's fees by virtue of their *pro se* status. *Cazalas* v. *United States Department of Justice*, 709 F. 2d 1051,

1055–1057 (1983). The decision of the Court of Appeals in this case is in direct conflict with that holding. I would grant the petition for certiorari in order to resolve the conflict.