LARACEY v FINANCIAL INSTITUTIONS BUREAU

Docket No. 93993. Submitted June 16, 1987, at Lansing. Decided
October 5, 1987. Leave to appeal applied for.

Mel Laracey brought an action in the Washtenaw Circuit Court
under the Freedom of Information Act against the Financial
Institutions Bureau. The court, William F. Ager, Jr., J., granted
an order of disclosure but denied plaintiff's request for punitive
damages and attorney fees. Plaintiff appealed.

The Court of Appeals *held:*

1. The court did not err in denying plaintiff's request for
punitive damages. The defendant did not act arbitrarily or
capriciously.

2. The court did not err in denying attorney fees. Plaintiff, an
attorney, represented himself. Attorney fees are not merited in
an action under the Freedom of Information Act where an
attorney represents himself.

Affirmed.

ACTIONS — FREEDOM OF INFORMATION ACT — ATTORNEY FEES.

Attorney fees are not merited in an action under the Freedom of
Information Act where an attorney represents himself (MCL
15.231 *et seq.*; MSA 4.1801[1] *et seq.*).

*Mel Laracey,* in propria persona.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, and *Meryl B. Rosenberg*
and *Susan Peck Ianotti,* Assistant Attorneys General,
for defendant.

Before: DANHOF, C.J., and DOCTOROFF and T. M.
GREEN,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

REFERENCES

Am Jur 2d, Attorneys at Law §§ 237 *et seq.*

Construction and application of Freedom of Information Act provision (5 USCS Sec. 552(a)(4)(E)) concerning award of attorney fees and other litigation costs. 36 ALR Fed 530.

DOCTOROFF, J. Plaintiff appeals as of right from an order directing defendant to disclose certain information to him pursuant to the Michigan Freedom of Information Act, MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.* (FOIA), but denying plaintiff's request for punitive damages and attorney fees. We affirm.

The plaintiff in this action is an attorney. In January, 1985, he sent a letter to defendant's senior examiner requesting an investigation of his complaint regarding the Huron River Area Credit Union. In the same letter, he requested copies of others' complaints that defendant had received over the previous five-year period involving the credit union's general manager.

In response to his letter, plaintiff received a copy of a letter that the senior examiner sent to the general manager of the credit union. In that letter, defendant had advised the credit union about plaintiff's complaint and had forwarded a copy of plaintiff's letter to it. Defendant also wrote that it did not maintain the records of past complaints that plaintiff had requested.

Plaintiff subsequently filed another request for information, including a request for copies of any correspondence that defendant had with the credit union or the credit union's attorney relative to plaintiff's complaint. Defendant disclosed the correspondence, with the exception of a certain letter from defendant's credit union division director to the credit union's attorney.

Plaintiff again wrote to defendant, stating that pursuant to the FOIA only statutorily exempt portions of the subject letter could be lawfully withheld from disclosure. Defendant thereafter disclosed the requested letter, but did not disclose the attachment to the letter, claiming that such disclosure would be an unwarranted invasion of privacy

under the FOIA and that the records were exempt thereunder because they contained agency notes.

It was discernible that the attachments to the letter consisted of copies of complaints against the credit union for the years 1984 and 1985 that the credit union had requested. Thus, plaintiff learned that, although defendant refused to honor his request, it did have the subject records and had sent them to the credit union.

Proceeding pro se, plaintiff filed suit in July, 1985, to compel disclosure of the information. The trial court ordered disclosure of the records after deletion of certain information contained therein, and denied plaintiff's requests for both punitive damages and attorney fees under the FOIA.

I

The first issue plaintiff raises is that the trial court erred by denying his request for punitive damages. He contests its finding that defendant had responded to plaintiff's requests in a reasonable manner and without evidence of bad faith, asserting that defendant actually acted arbitrarily and capriciously in disregard to its obligations to the public. In support of his position, he cites the fact that defendant responded to his request by contacting the credit union indicating that it did not maintain the records he requested.

Subection 10(5) of the Michigan Freedom of Information Act, MCL 15.240(5); MSA 4.1801(10)(5), provides as follows:

> In an action commenced pursuant to this section, if the circuit court finds that the public body has arbitrarily and capriciously violated this act by refusal or delay in disclosing or providing copies of a public record, the court shall, in addition to any actual or compensatory damages, award

punitive damages in the amount of $500.00 to the person seeking the right to inspect or receive a copy of a public record. The damages shall not be assessed against an individual, but shall be assessed against the next succeeding public body, not an individual, pursuant to whose public function the public record was kept or maintained.

Although the terms "arbitrarily" and "capriciously" are not defined in the statute, they have generally accepted meanings. As noted in *Bundo v City of Walled Lake,* 395 Mich 679, 703, n 17; 238 NW2d 154 (1976), citing *United States v Carmack,* 329 US 230, 243; 67 S Ct 252; 91 L Ed 209 (1946), the United States Supreme Court has defined these terms as follows:

Arbitrary is: " '[W]ithout adequate determining principle . . . . Fixed or arrived at through an exercise of will or by caprice, without consideration or adjustment with reference to principles, circumstances, or significance, . . . decisive but unreasoned.' "

Capricious is: " '[A]pt to change suddenly; freakish; whimsical; humorsome.' "

In this case, defendant denied plaintiff's initial request for disclosure of information, claiming that it did not have the information sought. This claim turned out to be false. By way of affidavit in this case, which was submitted on briefs to the trial court, defendant's senior examiner indicated that he was unaware that the records were available and also unaware that plaintiff had made the request for disclosure pursuant to the FOIA. The trial court found that defendant neither acted in bad faith nor acted arbitrarily and capriciously, but rather acted in a reasonably responsible manner. The judge also attributed the initial delay in

response to administrative oversight rather than to bad faith.

While defendant's actions in refusing to disclose the requested material were subsequently determined to be erroneous, we agree with the trial court that defendant did not act arbitrarily or capriciously. It is evident that defendant's decision was not arrived at without consideration of principles or circumstances, but rather was reasonable and not "whimsical." See *Williams v Martimucci,* 88 Mich App 198; 276 NW2d 876 (1979).

II

Plaintiff next argues that the trial court erred by denying him attorney fees under the FOIA. The trial court had determined that it was irrelevant that plaintiff himself is an attorney, and that plaintiff's lost opportunity cost has no greater significance than the lost opportunity costs of laymen who proceed pro se.

The attorney fee provision of the Michigan FOIA, MCL 15.240(4); MSA 4.1801(10)(4), provides:

> If a person asserting the right to inspect or to receive a copy of a public record or a portion thereof prevails in an action commenced pursuant to this section, the court shall award reasonable attorneys' fees, costs, and disbursements. If the person prevails in part, the court may in its discretion award reasonable attorneys' fees, costs, and disbursements or an appropriate portion thereof. The award shall be assessed against the public body liable for damages under subsection (5).

The purpose for inclusion of the attorney fee provision in the Michigan act is to facilitate the stated purpose of the act to make available to all persons "full and complete information regarding

the affairs of government," MCL 15.231(2); MSA 4.1801(1)(2). *Schinzel v Wilkerson,* 110 Mich App 600, 603-604; 313 NW2d 167 (1981), lv den 417 Mich 863 (1983). We have previously determined that a lay person who proceeds pro se is not entitled to a mandatory award of attorney fees since such a plaintiff is not represented by an attorney, *Nabkey v Kent Community Action Program, Inc,* 99 Mich App 480, 483; 298 NW2d 11 (1980); that the attorney fee provision of the FOIA was not enacted to provide a windfall for any litigant who elects to use the act to recover for legal services not performed by an attorney. *Schinzel, supra,* p 604.

We have not, however, specifically addressed the question whether an attorney acting pro se is entitled to attorney fees under the FOIA. Plaintiff therefore relies on federal authority to support his position, specifically urging us to adopt the reasoning of the federal courts that have awarded attorney fees to attorney litigants proceeding pro se under the federal FOIA, 5 USC 552.

The Legislature in the enactment of the Michigan FOIA followed closely, but abbreviated, the federal freedom of information act, 5 USC 552; the intent of both acts is to establish a philosophy of full disclosure by public agencies and to deter efforts of agency officials to prevent disclosure of mistakes and irregularities committed by them or the agency to prevent needless denials of information. *Schinzel, supra,* pp 603-604.

Although the similarity between the Michigan Freedom of Information Act and the federal act invites analogy when deciphering the various sections and attendant judicial interpretations, *Kestenbaum v Michigan State University,* 414 Mich 510, 525; 327 NW2d 783 (1982), reh den 417 Mich 1102 (1983), the attorney fee provisions of the acts

differ as to the requirements for awards of fees.[1] Under the federal provision, attorney fee awards are discretionary instead of mandatory. Further, the federal provision requires that a plaintiff substantially prevail in the action while the Michigan provision only requires that a plaintiff prevail in part. It is therefore questionable whether the analogous federal attorney fee provision provides assistance in interpreting the Michigan provision.[2]

Pursuant to the federal FOIA, pro se plaintiffs are generally not entitled to attorney fees.[3] Of the circuits that have addressed the issue whether attorney litigants proceeding pro se are entitled to fees pursuant to the federal FOIA fee provision, there is a split of authority.[4]

Plaintiff contends that the rationale behind the attorney fee award in *Cazalas v United States Dep't of Justice,* 709 F2d 1051 (CA 5, 1983), should similarly apply to this case.[5]

---

[1] The federal FOIA attorney fee provision, 5 USC 552(a)(4)(E), provides:

The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

[2] See opinion of Justice RYAN in *Kestenbaum, supra,* p 564, n 35, in which Justices KAVANAGH and LEVIN concurred.

[3] See *Wolfel v United States,* 711 F2d 66 (CA 6, 1983); *Cunningham v FBI,* 664 F2d 383 (CA 3, 1981); *Clarkson v IRS,* 678 F2d 1368 (CA 11, 1982); *Burke v U S Dep't of Justice,* 559 F2d 1182 (CA 10, 1977), aff'g 432 F Supp 251 (D Kan, 1976); *Crooker v U S Dep't of Justice,* 632 F2d 916 (CA 1, 1980). Cf. *Cox v U S Dep't of Justice,* 195 US App DC 189; 601 F2d 1 (1979); *Crooker v U S Dep't of Treasury,* 213 US App DC 376; 663 F2d 140 (1980).

[4] See *Falcone v IRS,* 714 F2d 646 (CA 6, 1983), cert den 466 US 908; 104 S Ct 1689; 80 L Ed 2d 162 (1984) (denying fees); *Cazalas v U S Dep't of Justice,* 709 F2d 1051 (CA 5, 1983) (awarding fees); *Cuneo v Rumsfeld,* 180 US App DC 184; 553 F2d 1360 (1977) (awarding fees).

[5] Plaintiff also supports his position with federal cases construing the attorney fee provision of 42 USC 1988: *Duncan v Poythress,* 777 F2d 1508 (CA 11, 1985) (awarding attorney fees to a pro se plaintiff

In *Cazalas,* the court held that a litigant attorney who represents himself under the federal FOIA vindicates an important public right and is entitled to compensation for work he performed. The court then articulated three policies underlying the federal FOIA attorney fee provision that would be advanced by allowing attorney litigants acting pro se to collect fees.

First, it reasoned that the attorney fee provision acts as an incentive for a private individual to pursue vigorously their claims for information. Further, it is designed to deter the government from opposing justifiable requests for information under the FOIA. Finally, it punishes the government where such opposition is unreasonable. The court concluded that the goals of these fee provision policies apply equally whether a pro se litigant is an attorney or a layman. 709 F2d 1057.

In contrast, the sixth circuit denied attorney fees under the federal act to an attorney litigant proceeding pro se in *Falcone v Internal Revenue Service,* 714 F2d 646 (CA 6, 1983).[6]

First, it reasoned that an award of attorney fees was unintended as a reward for successful claimants or as a penalty against the government, but was instead intended to relieve plaintiffs with legitimate claims of the burden of legal costs.

This rationale applies with equal force to the instant case. There is no need to assess attorney fees as a penalty for nondisclosure under the Michigan FOIA. A penalty may be assessed through the act's punitive damages provision, MCL 15.240(5); MSA 4.1801(10)(5).[7] Further, awards of

who was an attorney); *Ellis v Cassidy,* 625 F2d 227 (CA 9, 1980) (awarding attorney fees to pro se defendants who were attorneys).

[6] The court largely adopted the same rationale that was used in *Wolfel, supra,* where a layman proceeding pro se was denied fees.

[7] We note that the federal FOIA, 5 USC 552, contains no analogous penalty provision.

attorney fees to pro se litigants simply because they happen to be attorneys would not relieve the burden of their legal costs, but would instead afford them a windfall for costs that were never incurred. We find no reason to base an award of fees upon a pro se plaintiff's occupation.

The second reason on which the *Falcone* decision was based was that the federal FOIA attorney fee provision was intended to encourage potential claimants to seek legal advice before commencing litigation. The court determined that, although an attorney who represents himself in litigation may have the necessary legal expertise, he is unlikely to have the detached and objective perspective necessary to fulfill the federal act's aims.[8]

Although we agree with the proposition that an attorney must have a detached and objective perspective when handling the affairs of clients,[9] we need not address whether a pro se litigant who is also an attorney possesses such perspective, for we are unpersuaded that an attorney proceeding pro se even has an "attorney" for purposes of a fee award.[10]

---

[8] 714 F2d 647.

[9] We make no comment relative to the instant plaintiff's objectivity.

[10] The analysis of the terms "attorney" and "pro se" by dissenting Judge Roney in *Duncan v Poythress,* 777 F2d 1508, 1517-1521 (CA 11, 1985), is instructive. In that case, the eleventh circuit, sitting *en banc,* had occasion to determine whether attorney fees could be awarded to an attorney litigant acting in pro per, pursuant to 42 USC 1988. After reviewing definitions from twenty-four sources, Judge Roney determined, using the plain meanings of these words, that they are mutually exclusive:

> For there to be an attorney in litigation there must be two people. Plaintiff here appeared *pro se.* The term *"pro se"* is defined as an individual acting "in his own behalf, in person." By definition, the person appearing "in person" has no attorney, no agent appearing for him before the court. The fact that such plaintiff is admitted to practice law and available to be an attorney for others, does not mean that the plaintiff has an attorney, any more than any other principal who is qualified to

The final rationale used by the *Falcone* court for its denial of attorney fees centered around a concern that the award of such fees to pro se plaintiffs would create a "cottage industry" for claimants using the act solely as a way to generate fees rather than to vindicate personal claims. The court determined that Congress did not intend to subsidize attorneys without clients.

We are persuaded that this rationale, like the others from *Falcone,* is sound. We therefore decline to award attorney fees pursuant to the Michigan FOIA to a pro se plaintiff who happens to be an attorney. Both a client and an attorney are necessary ingredients for an attorney fee award pursuant to the Michigan FOIA.[11] Where no fees were paid, no fee award is merited.

Accordingly, the trial court's denial of punitive damages and attorney fees is affirmed.

Affirmed.

---

be an agent, has an agent when he deals for himself. In other words, when applied to one person in one proceeding, the terms *"pro se"* and "attorney" are mutually exclusive. [777 F2d 1518.]

[11] See 714 F2d 648.