WILSON v CITY OF EATON RAPIDS

Docket No. 129623. Submitted May 6, 1992, at Lansing. Decided July
23, 1992; approved for publication November 4, 1992, at 9:00
A.M.

R. David Wilson brought an action in the Eaton Circuit Court
against the City of Eaton Rapids, seeking under the Freedom of
Information Act, MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.*, the
release of documents related to the resignation or termination
of the city manager. The city had refused Wilson's request
because it had contracted with the city manager not to reveal
the documents unless ordered to do so by a court. The day
before Wilson filed this action, the city sought declaratory
judgment, naming Wilson as the defendant, and seeking an
order requiring release of the documents. Wilson knew of the
city's action and had also been told by the city that it need only
file a stipulation for entry of a consent judgment in the action
for declaratory judgment and, upon issuance of the court order,
the documents would be produced. After the parties stipulated
that the city would provide the requested materials, the court,
Richard M. Shuster, J., dismissed Wilson's action, and denied
his request for attorney fees and punitive damages. Wilson
appealed.

The Court of Appeals *held:*

1. Wilson's action was not necessary to obtain the relief
sought, and, therefore, he was not a prevailing party entitled to
attorney fees under the Freedom of Information Act.

2. The trial court properly determined that the city's attempt
to extricate itself from the dilemma of choosing between two
equally demanding alternatives, a contractual obligation and a
statutory obligation, was not arbitrary and capricious and,
therefore, that punitive damages were not appropriate.

Affirmed.

REFERENCES

Am Jur 2d, Records and Recording Laws § 46.2.

Construction and application of Freedom of Information Act provi-
sion concerning award of attorney fees and other litigation costs.
36 ALR Fed 530.

RECORDS — FREEDOM OF INFORMATION ACT — PREVAILING PARTY —
   ATTORNEY FEES.
   A plaintiff in an action commenced pursuant to the Freedom of
   Information Act prevails, for purposes of an award of attorney
   fees and costs, if the prosecution of the action was necessary to
   and was a substantial cause of the delivery of or access to the
   requested documents (MCL 15.240[4]; MSA 4.1801[10][4]).

*Wilson, Lawler & Lett* (by *Steven T. Lett*), for
the plaintiff.

*Warner, Hart & Peters, P.C.* (by *Robert H. Warner*), for the defendant.

Before: WAHLS, P.J., and MARILYN KELLY and
REILLY, JJ.

PER CURIAM. Plaintiff filed a complaint on January 25, 1990, under § 10(1) of the Freedom of Information Act (FOIA), MCL 15.240(1); MSA 4.1801(10)(1), seeking documents related to the resignation or termination of the defendant's city manager. Defendant agreed to provide the requested materials, and the case was dismissed by stipulation of the parties. Plaintiff appeals from that part of the order of dismissal that denied him attorney fees and punitive damages, claiming that he was entitled to the fees and damages because he was the prevailing party and the defendant acted arbitrarily and capriciously in delaying release of the documents. MCL 15.240(4) and (5); MSA 4.1801(10)(4) and (5).[1] We disagree and affirm.

---

[1] (4) If a person asserting the right to inspect or to receive a copy of a public record or a portion thereof prevails in an action commenced pursuant to this section, the court shall award reasonable attorneys' fees, costs, and disbursements. If the person prevails in part, the court may in its discretion award reasonable attorneys' fees, costs, and disbursements or an appropriate portion thereof. The award shall be assessed against the public body liable for damages under subsection (5).

   (5) In an action commenced pursuant to this section, if the circuit

A party has "prevailed" under the FOIA if the prosecution of the action was necessary to and had a substantial causative effect on the delivery of or access to the documents. *Walloon Lake Water System, Inc v Melrose Twp,* 163 Mich App 726; 415 NW2d 292 (1987); *Schinzel v Wilkerson,* 110 Mich App 600; 313 NW2d 167 (1981). Because plaintiff's lawsuit was unnecessary to obtain the relief sought, he is not the "prevailing" party. Plaintiff acknowledges that when he filed his lawsuit he was aware of defendant's declaratory judgment action against him, filed the previous day, in which defendant sought a court order requiring production of the documents. Defendant had informed plaintiff that it had contracted with the city manager not to reveal the terms of the resignation or termination agreement, but was willing to release the requested materials if ordered by the court. Defendant had also advised plaintiff that it need only file a stipulation for entry of a consent judgment in the declaratory judgment action and, upon the issuance of the court order, the documents would be produced.

We are convinced that under these facts there was no need for plaintiff's lawsuit, and he cannot be deemed to be the prevailing party.

Plaintiff is also not entitled to punitive damages. It is undisputed that defendant's delay in producing the documents was attributable to an attempt to reconcile its contractual obligation to the city manager to maintain the secrecy of the resigna-

court finds that the public body has arbitrarily and capriciously violated this act by refusal or delay in disclosing or providing copies of a public record, the court shall, in addition to any actual or compensatory damages, award punitive damages in the amount of $500.00 to the person seeking the right to inspect or receive a copy of a public record. The damages shall not be assessed against an individual, but shall be assessed against the next succeeding public body, not an individual, pursuant to whose public function the public record was kept or maintained.

tion or termination agreement and its statutory obligation to the plaintiff under the FOIA. The trial court determined that defendant's attempt to extricate itself from the dilemma of choosing between two equally demanding alternatives was not arbitrary and capricious. *Tallman v Cheboygan Area Schools,* 183 Mich App 123; 454 NW2d 171 (1990); *Laracey v Financial Institutions Bureau,* 163 Mich App 437, 445; 414 NW2d 909 (1987). We agree.

Affirmed.