OAKLAND COUNTY PROSECUTOR v DEPARTMENT OF
CORRECTIONS

Docket No. 173340. Submitted May 8, 1996, at Lansing. Decided April 11,
1997, at 9:00 A.M.

The Oakland County Prosecutor brought an action in the Oakland Cir-
cuit Court against the Department of Corrections, seeking to com-
pel disclosure under the Freedom of Information Act (FOIA), MCL
15.231 *et seq.*; MSA 4.1801(1) *et seq.*, of the psychological records of
prisoners convicted in Oakland County and granted parole by the
Parole Board. The department, in refusing to disclose the records,
claimed that the records were subject to the psychologist-patient
privilege and exempted by the FOIA from disclosure. The prosecutor
sought the records to determine whether he should appeal the
grant of parole, as allowed under MCL 791.234(7); MSA 28.2304(7).
The court, Barry L. Howard, J., granted summary disposition for
the department. The prosecutor appealed.

The Court of Appeals *held*:

1. The prisoners waived the psychologist-patient privilege with
respect to the records when they sought parole, thereby placing
their mental health at issue and giving implicit consent that the
records be furnished to the Parole Board to enable it to fulfill its
responsibility under MCL 791.233(1)(a); MSA 28.2303(1)(a) of con-
sidering the prisoners' mental and social attitude. Once otherwise
privileged information is disclosed to a third party by the holder of
the privilege, or if an otherwise confidential communication is nec-
essarily intended to be disclosed to a third party, the privilege
disappears.

2. The records are not exempted by § 13(1)(d) of the FOIA, MCL
15.243(1)(d); MSA 4.1801(13)(1)(d), from disclosure as records or
information specifically described and exempted from disclosure
by another statute. Although §§ 748(1) and 1004a(5) of the Mental
Health Code, MCL 330.1748(1), 330.2004a(5); MSA 14.800(748)(1),
14.800(1004a)(5), make information acquired in providing mental
health services to a recipient and information in the medical record
of a prisoner receiving services from the corrections mental health
program confidential, §§ 748(4)(d) and 1004a(5)(c) allow disclosure
of such information when necessary to comply with another provi-

sion of law. Here, disclosure to the prosecutor of the records at issue is necessary for compliance with the statute governing the prosecutor's appeal of the grant of parole.

3. The records are not exempted by § 13(1)(m) of the FOIA, MCL 15.243(1)(m); MSA 4.1801(13)(1)(m), from disclosure as psychological facts or evaluations whose disclosure would reveal the treated individual's identity. This exemption was intended to apply to information gathered for research, educational, or statistical purposes pursuant to MCL 330.1748(7)(b); MSA 14.800(748)(7)(b) and MCL 330.2004a(5)(h); MSA 14.800(1004a)(5)(h) and to ensure the anonymity of subjects. Here, the prisoners' identities were already known.

4. The records are not exempted by § 13(1)(a)of the FOIA, MCL 15.243(1)(a); MSA 4.1801(13)(1)(a), from disclosure as information of a personal nature whose disclosure would constitute a clearly unwarranted invasion of privacy. Although the records at issue are of a personal nature, disclosure would not constitute a clearly unwarranted invasion of privacy because the Legislature has provided for the invasion of a prisoner's privacy when the prisoner is being considered for parole.

5. The case must be remanded for an award to the prosecutor, as the prevailing party, of reasonable attorney fees and costs pursuant to § 10(4) of the FOIA, MCL 15.240(4); MSA 4.1801(10)(4).

Reversed and remanded.

PRISONS AND PRISONERS — PSYCHOLOGICAL RECORDS — PSYCHOLOGIST-PATIENT PRIVILEGE — FREEDOM OF INFORMATION ACT — PAROLE.

Department of Corrections records of a prisoner's psychological evaluation or treatment are not protected by the psychologist-patient privilege or exempted from disclosure under the Freedom of Information Act where they are sought by a county prosecutor for purposes of evaluating whether to pursue an appeal of a grant of parole to the prisoner (MCL 15.231 *et seq.*, 330.1750, 791.234[7]; MSA 4.1801(1) *et seq.*, 14.800[750], 28.2304[7]).

*Richard Thompson*, Prosecuting Attorney, *Joyce F. Todd*, Chief, Appellate Division, and *Anica Letica*, Assistant Prosecuting Attorney, for the plaintiff.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Amy L. Rosenberg*, Assistant Attorney General, for the defendant.

Before: HOLBROOK, JR., P.J., and SAAD and W. J. GIOVAN*, JJ.

SAAD, J. In this case involving the Freedom of Information Act (FOIA), MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.*, plaintiff appeals from the circuit court's grant of summary disposition in favor of defendant. We reverse and remand with directions.

The Michigan Parole Board granted parole to Jerome Allen, Mickey Hicks, and Todd Sparks; all three had been committed to defendant's custody following convictions in the Oakland Circuit Court. Therefore, the Oakland County Prosecutor had standing, if otherwise convinced that such paroles were ill-advised, to appeal the parole decisions to the Oakland Circuit Court pursuant to MCL 791.234(7); MSA 28.2304(7).

In an effort to decide whether to challenge these parole decisions, the prosecutor sent FOIA requests to defendant, asking for the complete Department of Corrections' files for each of the three prisoners. Defendant agreed to send all the records, except "(a) information or records subject to . . . psychologist/patient privilege" and "(b) clinician's packet and psychological information." Defendant asserted that the psychological records of prisoners are privileged under the psychologist-patient privilege statute, MCL 330.1750; MSA 14.800(750). The prosecutor then commenced an FOIA action, and on stipulated facts, the circuit court concluded that the records sought were privileged and granted summary disposition for defendant.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

I

As a threshold matter, all public records are subject to full disclosure under the FOIA unless the material is specifically exempted from disclosure under MCL 15.243; MSA 4.1801(13); *Swickard v Wayne Co Medical Examiner*, 438 Mich 536, 544; 475 NW2d 304 (1991). When a public body refuses to disclose a requested document under the act, and the requester sues to compel disclosure, the public body bears the burden of proving that the refusal was justified under the act. MCL 15.240(1); MSA 4.1801(10)(1). Because the FOIA primarily is intended as a statute favoring disclosure, the exemptions to disclosure are to be narrowly construed. *Swickard*, 438 Mich 544.

Plaintiff accurately notes that, in determining whether to grant parole, the Parole Board must consider "the prisoner's mental and social attitude." MCL 791.233(1)(a); MSA 28.2303(1)(a). Included amidst the data it considers in making such a decision, the Parole Board receives a parole eligibility report that includes "[t]he results of any . . . mental, or psychiatric examinations of the prisoner that may have been performed." MCL 791.235(7)(c); MSA 28.2305(7)(c). Additionally, the Parole Board may order a psychological evaluation to be performed before deciding whether to grant or deny parole, MCL 791.235(9); MSA 28.2305(9).

II

Defendant contends that the psychological records of the prisoners are exempt from disclosure pursuant to the psychologist-patient privilege. The Mental Health Code, MCL 330.1750; MSA 14.800(750) (which was amended by 1995 PA 290, § 1, effective March 28,

1996), is unchanged in relevant content from the statute in effect when the circuit court ruled. In relevant part, it provides:

> (1) Privileged communications shall not be disclosed in civil, criminal, legislative, or administrative cases or proceedings, or in proceedings preliminary to such cases or proceedings, unless the patient has waived the privilege, except in the circumstances set forth in this section.
>
> (2) Privileged communications shall be disclosed upon request under 1 or more of the following circumstances:
>
> (a) If the privileged communication is relevant to a physical or mental condition of the patient that the patient has introduced as an element of the patient's claim or defense in a civil or administrative case or proceeding . . . . [MCL 330.1750; MSA 14.800(750).]

By seeking parole, a prisoner places the prisoner's mental health in issue and gives implicit consent that such information may be furnished to the Parole Board to enable it to fulfill its statutory responsibilities. Once otherwise privileged information is disclosed to a third party by the person who holds the privilege, or if an otherwise confidential communication is necessarily intended to be disclosed to a third party, the privilege disappears. See *In re Ford Estate*, 206 Mich App 705, 708-709; 522 NW2d 729 (1994); *Yates v Keane*, 184 Mich App 80, 83; 457 NW2d 693 (1990); *Owen v Birmingham Federal Savings & Loan Ass'n*, 27 Mich App 148, 163; 183 NW2d 403 (1970). Here, for purposes of the statutory privilege, the Parole Board is the "third person"—the prisoner and the psychologist are the first and second persons.

As stated above, the prosecutor's office has the right to appeal the Parole Board's decision to grant parole. MCL 791.234(7); MSA 28.2304(7). Thus, plain-

tiff has the responsibility to review the record presented to the Parole Board to determine whether the Parole Board's decision complies with the statutes governing parole. In the application for leave to appeal, plaintiff must state the grounds for appeal and describe the proceedings below. MCR 7.103(B)(2).[1]

For these reasons, we hold that where a prosecutor seeks records of a prisoner's psychological or psychiatric treatment, for purposes of evaluating a Parole Board decision, the records are not protected by the psychologist-patient privilege. It is unnecessary here to resolve the question whether prisoners are entitled to claim a privilege against anyone other than the prosecutor's office.

III

Defendant argues that the records are exempt from disclosure under the FOIA because they are "[r]ecord[s] or information specifically described and exempted from disclosure by statute." MCL 15.243(1)(d); MSA 4.1801(13)(1)(d). Defendant argues on appeal that mental health records are specifically exempted by the Mental Health Code pursuant to MCL 330.1748(1); MSA 14.800(748)(1), which at the time of the request provided:

---

[1] As plaintiff notes, our Supreme Court recently issued MCR 7.104(D)(4)(c), which provides that the record "shall consist of the prisoner's central office file at the Department of Corrections, and *any other documents considered by the parole board in reaching its decision.*" 448 Mich 1219 (emphasis added). Without access to the prisoners' psychological records reviewed by the Parole Board, plaintiff is unable to determine whether judicial review is in fact required, and, therefore, is placed in a position of filing more applications for leave to appeal than would be necessary if plaintiff had full access to the information reviewed by the Parole Board. It should be noted that plaintiff has a duty to first determine whether a meritorious appeal can be filed. See MCR 7.101(P).

Information in the record of a recipient, and other information acquired in the course of providing mental health services to a recipient, shall be kept confidential and shall not be open to public inspection. The information may be disclosed outside the department, county community mental health program, or licensed private facility, whichever is the holder of the record, only in circumstances and under the conditions set forth in this section.

Contrary to defendant's assertion, however, we do not see this statute as a bar to provision of the records requested here because MCL 330.1748(4)(d); MSA 14.800(748)(4)(d) allows disclosure of mental health records when necessary "to comply with another provision of law." Indeed, MCL 300.2004a(5)(c); MSA 14.800(1004a)(5)(c) also allows disclosure:

(5) Information in the medical record of a prisoner receiving services from the corrections mental health program and other information acquired in the course of the prisoner's treatment in the program is confidential and shall not be open to public inspection. The corrections mental health program is the holder of the record and may disclose the information only in the circumstances and under the conditions set forth in this subsection. . . . A person receiving information made confidential by this subsection shall disclose the information to others only to the extent consistent with the authorized purpose for which the information was obtained . . . . [I]nformation pertaining to a prisoner receiving mental health services from the corrections mental health program may be disclosed under 1 or more of the following circumstances:

(a) Pursuant to orders or subpoenas of a court of record, or subpoenas of the legislature, unless the information is made privileged by law.

* * *

(c) If necessary to comply with another provision of law.

As noted above, in order for the prosecutor's office to determine whether to appeal a particular parole, it must have access to the complete record presented to the Parole Board. Therefore, the records must be accessible to prosecutors so that they may comply with other provisions of law.

IV

Defendant also claims that the records are exempt from disclosure under the FOIA by virtue of MCL 15.243(1)(m); MSA 4.1801(13)(1)(m), which allows exemption of

> [m]edical, counseling, or psychological facts or evaluations concerning an individual if the individual's identity would be revealed by a disclosure of those facts or evaluation.

This statute was intended to apply where information is gathered for research, educational, or statistical purposes pursuant to MCL 330.1748(7)(b); MSA 14.800 (748)(7)(b) and MCL 330.2004a(5)(h); MSA 14.800 (1004a)(5)(h), and the release of such information would identify the individual who would otherwise remain nameless. Because the prisoners' identities are known in this case, we find no merit to this argument.

V

Defendant next contends that the records are exempt from disclosure under the FOIA by virtue of MCL 15.243(1)(a); MSA 4.1801(13)(1)(a), which exempts

> [i]nformation of a personal nature where the public disclosure of the information would constitute a clearly unwarranted invasion of an individual's privacy.

Two factors must exist to exempt information from public disclosure under the "personal nature" exemption. First, the information sought must be of a "personal nature," and second, the disclosure of such information must constitute a "clearly unwarranted" invasion of privacy. *Booth Newspapers, Inc v Univ of Michigan Bd of Regents*, 444 Mich 211, 232; 507 NW2d 422 (1993). The prisoners' psychological records are probably of a personal nature because they may contain information that is personal, intimate, or embarrassing. See *Kestenbaum v Michigan State Univ*, 414 Mich 510, 549; 327 NW2d 783 (1982). However, even though the information is of a personal nature, the invasion of privacy is warranted here, because the Legislature has provided for such an invasion in the context of parole proceedings. See MCL 791.233(1)(a); MSA 28.2303(1)(a) (prisoner not to be paroled without reasonable assurance that prisoner's mental and social attitude will not render prisoner a menace to society); MCL 791.234(7); MSA 28.2304(7) (prisoner's parole is discretionary with the Parole Board); MCL 791.235(7)(c); MSA 28.2305(7)(c) (the parole eligibility report shall include the results of any mental or psychiatric exams that have been performed); MCL 791.235(9); MSA 28.2305(9) (psychological evaluations performed at the request of the Parole Board may be performed by same person who provided treatment, unless prisoner or Parole Board requests another person). We thus do not find the records exempt from disclosure under this portion of the FOIA.

## VI

While it is true that defendant's decision whether to withhold information under an exemption of the FOIA is discretionary rather than mandatory, MCL 15.243(1); MSA 4.1801(13)(1) ("A public body *may* exempt from disclosure . . ."); *Tobin v Civil Service Comm*, 416 Mich 661, 667; 331 NW2d 184 (1982), here, because we have ruled that no exemption applies, defendant is required to disclose the information sought by plaintiff. This is mandatory, not discretionary.

## VII

Pursuant to MCL 15.240(4); MSA 4.1801(10)(4), a prevailing plaintiff is entitled to attorney fees and costs. A plaintiff prevails in an action brought under the FOIA when the action was reasonably necessary to compel the disclosure and the action had a substantial causative effect on the delivery of the information to the plaintiff. *Yarbrough v Dep't of Corrections*, 199 Mich App 180, 186; 501 NW2d 207 (1993). On remand, the court should determine a reasonable attorney fee and costs, to be awarded to plaintiff.

Reversed and remanded with directions. We do not retain jurisdiction.