SCHARRET v CITY OF BERKLEY

Docket No. 233038. Submitted November 5, 2001, at Detroit. Decided January 29, 2002, at 9:00 A.M.

Carolyn J. Scharret brought an action in the Oakland Circuit Court against the city of Berkley, alleging that the defendant violated the Freedom of Information Act (FOIA), MCL 15.231 *et seq.*, with respect to her request for certain records. On October 9, 2000, the plaintiff had sent to the defendant a letter requesting the records. On October 30, 2000, the plaintiff sent to the defendant an identical letter of request. On November 1, 2000, the defendant's assistant city manager sent to the plaintiff a letter acknowledging the October 9, 2000, request and indicating that a response to that request would be sent on November 13, 2000. That response informed the plaintiff that a good-faith search of the expected location of the records had failed to locate the requested records and that the plaintiff could choose to ask for an exhaustive search of the defendant's files and pay the cost of staff time expended beyond normal working hours for such a search, with an estimate of the cost of the search available to the plaintiff upon request and with a deposit of fifty percent of the estimated cost required to initiate a search. The court, Steven N. Andrews, J., on cross-motions for summary disposition, granted summary disposition for the defendant. The plaintiff appealed.

The Court of Appeals *held*:

1. Section 5 of the FOIA, MCL 15.235, provides that, unless otherwise agreed to in writing, a public body must respond to a request for a public record within five business days after it receives the request and that the failure to so respond constitutes the public body's final determination to deny the request. The trial court in this case erred in determining that the defendant had not violated the FOIA with respect to the plaintiff's requests, and erred in granting summary disposition for the defendant and in denying summary disposition for the plaintiff. The defendant's November 1, 2000, reply to the plaintiff's October 9, 2000, request was not timely under § 5. The defendant failed to respond to the plaintiff's October 30, 2000, request, inasmuch as its November 1, 2000, letter to the plaintiff asserting the ten business days extension permitted under subsection 5(2)(d) of the FOIA, MCL 15.235(2)(d), and its November

13, 2000, letter were sent in response to the plaintiff's October 9, 2000, letter only.

2. The trial court did not err in denying the plaintiff's request for attorney fees, costs, and punitive damages. Subsection 10(6) of the FOIA, MCL 15.240(6), requires a trial court to award reasonable attorney fees, costs, and disbursements to a prevailing party. A plaintiff prevails in an FOIA action when the action was reasonably necessary to compel the disclosure and the action had a substantial causative effect on the delivery of the information to the plaintiff. In this case, the plaintiff's action was not reasonably necessary to compel the disclosure of the information sought. Although the defendant did not timely respond to the plaintiff's October 9, 2000, request or respond at all to the plaintiff's October 30, 2000, request, the defendant's November 13, 2000, response is evidence that the defendant had conducted a good-faith review of its files and that the requested information was not found in any reasonably expected file location. The defendant's offer to conduct an exhaustive search of its records outside normal business hours upon payment of a fee with a fifty percent deposit was authorized under subsections 4(1) and (2) of the FOIA, MCL 15.234(1), (2). The plaintiff is not entitled to punitive damages because the plaintiff is not a prevailing party as defined in the FOIA.

Reversed in part and affirmed in part.

1. RECORDS — FREEDOM OF INFORMATION ACT — FAILURE TO RESPOND TO REQUESTS.

The failure of a public body to respond to a request for a public record within the time specified by the Freedom of Information Act constitutes a final determination to deny the request and allows the person making the request to appeal the denial to the head of the public body or commence an action in the circuit court; the resubmission of a request not timely responded to by the public body does not divest the requesting person of the options of appeal to the head of the public body or action in the circuit court (MCL 15.235[2], [3], [7], 15.240[1][a], [b]).

2. RECORDS — FREEDOM OF INFORMATION ACT — ACTIONS — PREVAILING PLAINTIFFS.

A plaintiff prevails in an action under the Freedom of Information Act where the action was reasonably necessary to compel the disclosure and had a substantial causative effect on the delivery of the information to the plaintiff.

*Cummings, McClorey, Davis & Acho, P.L.C.* (by *Anne McClorey McLaughlin*), for the plaintiff.

*O'Connor, DeGrazia & Tamm, P.C.* (by *Julie McCann O'Connor* and *Laurie Stewart Kotch*), for the defendant.

Before: NEFF, P.J., and WILDER and COOPER, JJ.

WILDER, J. In this action brought pursuant to the Michigan Freedom of Information Act (FOIA), MCL 15.231 *et seq.*, plaintiff appeals as of right from a circuit court order granting defendant summary disposition pursuant to MCR 2.116(C)(10) and denying plaintiff the same under MCR 2.116(I)(2). We reverse in part and affirm in part.

## I. FACTS AND PROCEEDINGS

On October 9, 2000, plaintiff sent defendant a letter seeking certain information regarding Dan Murray, an independent contractor who served as defendant's home inspector. It is undisputed that plaintiff's letter was sent pursuant to the FOIA and that it complied with all the necessary elements of an FOIA request. Despite this, defendant failed to respond to plaintiff's request within the statutorily mandated time limit. MCL 15.235(2). Because plaintiff did not receive a response from defendant, on October 30, 2000, plaintiff sent an identical request to defendant.

On November 1, 2000, Michael Tyler, defendant's assistant city manager and FOIA coordinator, sent plaintiff a letter acknowledging her October 9, 2000, request and indicated that he would respond to plaintiff's FOIA request by November 10, 2000. Notwithstanding this response, Tyler's written response was not sent to plaintiff until November 13, 2000. That response informed plaintiff that despite "a good faith review of [defendant's] files" and inquiries of "rele-

vant employees," defendant was unable to find any public records pertaining to the information plaintiff sought. The letter then went on to state:

> While any of the [requested] public records may exist, they have not to [sic] been found in any reasonably expected file location. An exhaustive search of all city records during regular working hours would burden the City with an unreasonable expense because such an undertaking would require an extensive diversion of staff personnel from their daily responsibilities. If you would like the City to conduct an examination and review of all documents, the City requires that you pay a fee representing the cost of staff time outside of normal working hours, including a 50 % deposit therefore. Please advise me if you would like the City to prepare an estimate of the time and cost upon which a deposit would be based.

The response also informed plaintiff that while Tyler did not believe the response was a denial, if plaintiff believed the response constituted a denial, plaintiff was entitled, pursuant to § 10 of the FOIA, to appeal his decision to defendant's City Council or seek judicial review in the circuit court. MCL 15.240.

After receiving defendant's letter, plaintiff filed the instant action in the Oakland Circuit Court. Plaintiff's complaint alleged that defendant failed to timely respond to her October 9, 2000, request and that defendant's failure to respond within five days constituted a denial of her request. Plaintiff's complaint also alleges that defendant wrongfully denied the request she resubmitted on October 30, 2000. Defendant moved for summary disposition pursuant to MCR 2.116(C)(8) and (10), arguing that it responded within the time frame permitted by the FOIA. Plaintiff opposed defendant's motion and filed a cross-motion for summary disposition contending both that defen-

dant's failure to timely respond to her October 9, 2000, request constituted a final determination to deny the request and that defendant's November 13, 2000, response to her resubmitted request was untimely and a final determination to deny the request.

Defendant challenged plaintiff's characterization of its November 13, 2000, response as either untimely or a denial and further asserted that plaintiff waived the right to sue with respect to defendant's failure to timely respond to plaintiff's October 9, 2000, request, specifically because she resubmitted the request. According to defendant, plaintiff's resubmission of her request did not permit her to then characterize defendant's failure to timely respond to the October 9, 2000, request as a final determination to deny the request.

After hearing oral arguments on the parties' cross-motions for summary disposition, the trial court issued a written opinion granting defendant's summary disposition motion and denying plaintiff's motion. In granting defendant's motion, the trial court determined that even though defendant denied plaintiff's initial request by failing to timely respond, plaintiff chose not to commence an action to compel disclosure on the basis of her October 9, 2000, request because she resubmitted the request on October 30, 2000. The trial court further concluded that defendant's November 13, 2000, response did not deny plaintiff's second request for the information and that defendant did not violate the FOIA. Lastly, the trial court found that plaintiff was not entitled to costs and attorney fees because disclosure of the requested information was not compelled by plaintiff's lawsuit.

II. STANDARD OF REVIEW

This Court's review of a trial court's grant or denial of summary disposition is de novo in order to determine whether the moving party was entitled to judgment as a matter of law. *Sumner v General Motors Corp (On Remand)*, 245 Mich App 653, 659; 633 NW2d 1 (2001), citing *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). In reviewing an MCR 2.116(C)(10) motion, we are to consider all the documentary evidence in the light most favorable to the nonmoving party. *Sumner, supra*; *Morales v Auto-Owners Ins Co*, 458 Mich 288, 294; 582 NW2d 776 (1998). A motion for summary disposition under MCR 2.116(C)(10) may properly be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

This case also requires us to interpret statutory language. Statutory interpretation is a question of law that we review de novo. *Etefia v Credit Technologies, Inc*, 245 Mich App 466, 469; 628 NW2d 577 (2001), citing *Oakland Co Bd of Co Rd Comm'rs v Michigan Property & Casualty Guaranty Ass'n*, 456 Mich 590, 610; 575 NW2d 751 (1998); *In re S R*, 229 Mich App 310, 314; 581 NW2d 291 (1998).

> In considering a question of statutory construction, this Court begins by examining the language of the statute. We read the statutory language in context to determine whether ambiguity exists. If the language is unambiguous, judicial construction is precluded. We enforce an unambiguous statute as written. Where ambiguity exists, however, this Court seeks to effectuate the Legislature's intent through a reasonable construction, considering the purpose of the statute and the object sought to be accomplished. [*Macomb Co Prosecutor v Murphy*, 464 Mich 149, 158; 627 NW2d 247 (2001) (citations omitted).]

Unless defined in the statute, every word or phrase of a statute should be accorded its plain and ordinary meaning, taking into account the context in which the words are used, *Phillips v Jordan*, 241 Mich App 17, 22-23, n 1; 614 NW2d 183 (2000), citing *Western Michigan Univ Bd of Control v Michigan*, 455 Mich 531, 539; 565 NW2d 828 (1997). Further, the language must be applied as written, *Camden v Kaufman*, 240 Mich App 389, 394; 613 NW2d 335 (2000); *Ahearn v Bloomfield Charter Twp*, 235 Mich App 486, 498; 597 NW2d 858 (1999), and nothing should be read into a statute that is not within the manifest intent of the Legislature as indicated by the act itself. *In re S R, supra* at 314.

### III. ANALYSIS

Plaintiff first argues that the trial court erred in determining that defendant did not violate the FOIA, and by granting defendant's summary disposition motion and denying plaintiff's summary disposition motion. We agree.

The Legislature's stated purpose in enacting the FOIA is to entitle all persons except prisoners to complete information regarding the affairs of the government and the official acts of those who represent them as public officials and public employees so that they may fully participate in the democratic process. MCL 15.231(2); *Detroit Free Press, Inc v Dep't of Consumer & Industry Services*, 246 Mich App 311, 314; 631 NW2d 769 (2001); *Larry S Baker, PC v City of Westland*, 245 Mich App 90, 93; 627 NW2d 27 (2001). Pursuant to the FOIA, a public body must disclose all public records not specifically exempt under the act. MCL 15.233(1); *Baker, supra* at 94. MCL 15.235 pro-

vides that, unless otherwise agreed to in writing, a public body must respond to a request for a public record within five business days after it receives the request and that the failure to so respond constitutes the public body's final determination to deny the request. MCL 15.235(2) and (3).

Here, the record clearly establishes that plaintiff requested information pursuant to the FOIA on October 9, 2000, and that defendant did not respond to plaintiff's request until November 1, 2000. Defendant's November 1, 2000, letter specifically stated that it was written in response to plaintiff's October 9, 2000, request. According to MCL 15.235(2) and (3), defendant was required to respond to plaintiff's request within five business days after receiving the request, and its failure to timely respond constituted its final determination to deny the request. Because MCL 15.235 is clear and unambiguous, defendant's failure to respond to plaintiff's October 9, 2000, request within five business days constituted a final determination to deny plaintiff's request and a violation of the FOIA. *Local 312 of the American Federation of State, County, & Municipal Employees, AFL-CIO v Detroit*, 207 Mich App 472, 474; 525 NW2d 487 (1994), citing *Hartzell v Mayville Community School Dist*, 183 Mich App 782, 786; 455 NW2d 411 (1990).

The trial court found that defendant failed to respond to plaintiff's first request within five days, yet concluded nevertheless that plaintiff "chose not to commence an action to compel disclosure based on this first event" but instead chose to resubmit her request, an action that prevented defendant's denial from being the basis of plaintiff's lawsuit. The trial court erred in reaching this conclusion. MCL 15.235(7) provides that if a public body makes a final

determination to deny a request, the requesting person may either appeal the denial to the head of the public body or commence an action in the circuit court within 180 days. Nothing in the FOIA states that the resubmission of a request denied by virtue of the public body's failure to respond divests the requesting person of the ability to exercise the options granted under MCL 15.240(1)(a) or (b). Notably, neither defendant nor the trial court cites any statutory or case law support for this interpretation of § 10 of the FOIA. As such, we decline to endorse this interpretation because it is inconsistent with the manifest intent of the FOIA. *In re S R, supra.*

The trial court also found that defendant timely responded to plaintiff's October 30, 2000, request and that defendant's response was not a denial under the FOIA. We disagree. It is apparent from a careful examination of defendant's November 1, 2000, letter asserting the ten business days extension permitted under MCL 15.235(2)(d), and defendant's November 13, 2000, response, that defendant *never* responded to plaintiff's October 30, 2000, request. Both documents from defendant refer to plaintiff's *October 9, 2000,* request, but neither of the documents refer to the October 30, 2000, request. Because defendant did not timely respond to plaintiff's October 30, 2000, document request, defendant's failure is treated as a final determination to deny the request and a violation of the FOIA disclosure requirements. *Local 312, supra; Hartzell, supra.*[1]

---

[1] We also note that defendant's failure to respond would not be excused even if the documents plaintiff sought did not exist, as the November 13, 2000, response can be read to assert. See *Hartzell v Mayville Community School Dist*, 183 Mich App 782, 787; 455 NW2d 411 (1990), where the Court stated:

Plaintiff further argues that the trial court erred in denying her request for attorney fees, costs, and punitive damages. We disagree.

The FOIA requires that a trial court must award reasonable attorney fees, costs, and disbursements to a prevailing party. MCL 15.240(6); *Oakland Co Prosecutor v Dep't of Corrections*, 222 Mich App 654, 663; 564 NW2d 922 (1997); *Wilson v City of Eaton Rapids*, 196 Mich App 671, 673; 493 NW2d 433 (1992). A party prevails in the context of an FOIA action when the action was reasonably necessary to compel the disclosure, *and the action had a substantial causative effect on the delivery of the information to the plaintiff. Oakland Co Prosecutor, supra* at 663; *Wilson, supra* at 673. Here, plaintiff's lawsuit was not reasonably necessary to compel the disclosure of the information sought. Although defendant did not timely respond to plaintiff's October 9, 2000, request or respond at all to plaintiff's October 30, 2000, request, defendant's November 13, 2000, response is evidence that defendant had conducted a good-faith review of its files and that the requested information was not found in any reasonably expected file location. Defendant's offer to conduct an exhaustive search of its

We deem that the disclosure required is not limited to the production of an existing document, but, consistent with the requirements of MCL 15.235(2) and (4) . . . also includes the disclosure that the requested document does not exist. It is inconsistent with the purposes of the FOIA for a public body to remain silent, knowing that a requested record does not exist, and force the requesting party to file a lawsuit in order to ascertain that the document does not exist. Although, . . . the court cannot grant relief in the form of ordering the production of a nonexistent document, the court can properly determine that the public body is in violation of the FOIA by failing to disclose that the requested document does not exist and grant summary disposition, as a matter of law, in favor of the requesting party pursuant to MCR 2.116(C)(10).

records outside normal business hours upon payment of a fee with a fifty percent deposit was authorized by MCL 15.234(1) and (2).

Plaintiff contends that defendant is denied the opportunity to request the fee and deposit under the act because its response was untimely and therefore the fee and deposit were not requested by defendant "at the time a request is made." We disagree. Under plaintiff's construction of the statute, a public body that timely asserts its ten-day extension would be unable to require a fee and deposit because this requirement would not be asserted "at the time of" the document request. We construe the words "at the time of the request" to require only a contemporaneous assertion of rights to a fee and deposit under § 4 of the act, and find that defendant's assertion was contemporaneous with plaintiff's document request, particularly since it was made before plaintiff's complaint was filed.[2]

Plaintiff also contends that even if the fee and deposit requirement was timely asserted, defendant was not entitled to a deposit because defendant did not state in its November 13, 2000, letter that the fee would exceed $50. We reject this contention as well. Not only did plaintiff fail to challenge defendant's fee and deposit requirements in her complaint, she also provides no evidence that the fee would have been less than $50. Because defendant offered to give plaintiff an estimate and plaintiff apparently declined to obtain one, we conclude that there was no genuine issue of material fact presented to the trial court that would support plaintiff's claim that this action was

---

[2] Notably, plaintiff's complaint does not challenge defendant's right to require a fee or deposit.

reasonably necessary or had a substantial causative effect on defendant's document disclosure. Lastly, plaintiff is not entitled to punitive damages because she is not a prevailing party as defined in the act.

### IV. CONCLUSION

In sum, we find that the trial court erred in determining that defendant did not violate the FOIA, and we therefore reverse the granting of summary disposition in favor of defendant with regard to this issue. We also find that plaintiff is not a prevailing party as defined by the act, and we therefore affirm the trial court's refusal to award costs, attorney fees, and punitive damages.