# STATE OF MICHIGAN

# COURT OF APPEALS

CRAIG A. ROLFE, P.L.L.C,

     Plaintiff,

and

GLENN MILLER,

     Plaintiff-Appellant,

v

LAKE TEMPLENE IMPROVEMENT BOARD,

     Defendant-Appellee.

UNPUBLISHED
December 29, 2015

No. 327513
St. Joseph Circuit Court
LC No. 14-000925-CZ

Before: OWENS, P.J., and MURPHY and HOEKSTRA, JJ.

PER CURIAM.

In this action under the Freedom of Information Act (FOIA), MCL 15.231 *et seq.*, plaintiff Glenn Miller appeals as of right the trial court's April 27, 2015 order, which granted summary disposition in favor of him and co-plaintiff Craig A. Rolfe, PLLC[1] on the basis of defendant Lake Templene Improvement Board (the Improvement Board)'s failure to timely respond to a FOIA request, but which denied plaintiffs' request for attorneys' fees.[2] The trial court also denied plaintiffs' motion for reconsideration of the attorneys' fee issue. Because Miller did not make a FOIA request, he could not be a prevailing party in this FOIA action, and we therefore affirm the trial court's denial of plaintiffs' request for attorneys' fees.

The record shows that Miller retained Rolfe sometime in 2014 to investigate the alleged misappropriation of public funds by the Improvement Board, a public body. As part of that

---

[1] Craig A. Rolfe is the sole member of Craig A. Rolfe, PLLC. For ease of reference, unless specifically noted otherwise, we will refer to Rolfe and his firm together as "Rolfe."

[2] The Improvement Board has not cross-appealed the trial court's conclusion that it violated the FOIA.

-1-

investigation, Rolfe sent various FOIA requests to several different public bodies, including to the Improvement Board, on September 18, 2014. The FOIA request was signed by Rolfe, without mention of Miller or the fact that Rolfe was acting on behalf of a client. The Improvement Board did not respond to this request. After a follow-up letter sent by Rolfe to the Improvement Board on October 21, 2014 also went unanswered, Rolfe initiated this litigation, naming Rolfe's law firm as the only plaintiff. This complaint included no mention of Miller or the fact that Rolfe had been engaged to act on behalf of a client. Among other things, Rolfe sought a determination that the Improvement Board violated the FOIA, an order compelling it to disclose the requested records, and an award of attorneys' fees, costs, and disbursements pursuant to MCL 15.240(6).

At a pretrial conference on January 5, 2015, the Improvement Board provided Rolfe with a packet of materials apparently satisfying Rolfe's FOIA request. On January 7, 2015, the trial court granted a motion by Rolfe to amend his complaint to add Miller as a co-plaintiff. The substance of the amended complaint was nearly identical to that of the original, with the exception that the amended complaint alleged that the September 18, 2014 FOIA request had been sent on Miller's behalf as Rolfe's client.

Subsequently, the Improvement Board moved the trial court for summary disposition. Plaintiffs responded and requested summary disposition in their own favor. A hearing on the Improvement Board's motion was then held on April 27, 2015. After hearing the parties' arguments, the trial court determined that the Improvement Board violated the FOIA by failing to respond to Rolfe's September 18, 2014 FOIA request in a timely, permissible manner as required by the Act. However, the trial court denied plaintiffs' request for attorneys' fees. In relevant part, the trial court made the determination that Rolfe made the FOIA requests in his own name, in a personal capacity. Consequently, the trial court reasoned that Rolfe, not Miller, was the prevailing party and, because Rolfe was an attorney acting on his own behalf, the trial court concluded that he could not claim attorneys' fees for his own services. The trial court subsequently denied plaintiffs' motion for reconsideration of the attorneys' fee issue. Miller now appeals as of right.

On appeal, Miller maintains that, because he prevailed in his lawsuit to obtain the release of the requested information under the FOIA, he was entitled to reasonable attorneys' fees under MCL 15.240(6) and that the trial court erred by denying this request. Miller disputes the trial court's finding that Rolfe, not Miller, prevailed in the FOIA action. According to Miller he should be recognized as a prevailing party because, at all relevant times, Rolfe acted on Miller's behalf in a representative capacity and Miller was in fact added to the FOIA action by Rolfe's amended complaint. Finally, because Rolfe represented Miller, Miller contends that the general rule prohibiting a pro per party, including attorneys representing themselves, from collecting attorneys' fees does not apply in this case.

In an action under the FOIA, we review de novo the legal determinations made by the trial court. *King v Mich State Police Dep't*, 303 Mich App 162, 174; 841 NW2d 914 (2013). Likewise, issues of statutory interpretation, such as the proper interpretation of the FOIA, present questions of law which we review de novo. *Thomas v New Baltimore*, 254 Mich App 196, 201; 657 NW2d 530 (2002). Any factual determinations in a FOIA action are reviewed for clear

error, while any discretionary determinations are reviewed for an abuse of discretion. *King*, 303 Mich App at 174-175.

"The FOIA is a mechanism through which the public may examine and review the workings of government and its executive officials." *Thomas*, 254 Mich App at 201. Under the FOIA, except where a specific exception applies, a person has the right, upon submitting a written request to a public body, "to inspect, copy, or receive copies of the requested public record of the public body." MCL 15.233(1); *Arabo v Mich Gaming Control Bd*, ___ Mich App ___, ___; ___ NW2d ___ (2015), slip op at 5. A person desiring to inspect or receive a copy of a public record must "make a written request for the public record to the FOIA coordinator of a public body." MCL 15.235(1). "[O]nce a request under the FOIA has been made, a public body has a duty to provide access to the records sought or to release copies of those records unless the records are exempted from disclosure." *Arabo*, slip op at 5 (quotation marks and citation omitted). Under Section 5(2) of the Act, MCL 15.235(2), a public body must generally respond to a FOIA request within five business days, and the failure to do so constitutes a final determination to deny the request, MCL 15.235(3).

Once a public body makes a final determination to deny a request, either by failing to respond or by issuing a written notice of denial to the requesting person, the requesting person then has the option to commence a civil action. MCL 15.235(8)(c). In particular, MCL 15.235(8) states:

> If a public body makes a final determination to deny in whole or in part a request to inspect or receive a copy of a public record or portion of that public record, *the requesting person* may do either of the following:
>
> (a) Appeal the denial to the head of the public body pursuant to [MCL 15.240].
>
> (b) Commence a civil action, pursuant to [MCL 15.240[3]].

---

[3] MCL 15.240(1) provides:

> If a public body makes a final determination to deny all or a portion of a request, *the requesting person* may do 1 of the following at his or her option:
>
> (a) Submit to the head of the public body a written appeal that specifically states the word "appeal" and identifies the reason or reasons for reversal of the denial.
>
> (b) Commence a civil action in the circuit court, or if the decision of a state public body is at issue, the court of claims, to compel the public body's disclosure of the public records within 180 days after a public body's final determination to deny a request. [Emphasis added.]

-3-

When an action has been commenced under MCL 15.240, if successful, the party seeking the records may obtain reasonable attorneys' fees, costs, and disbursements as set forth in MCL 15.240(6). This provision states:

> If a person asserting the right to inspect, copy, or receive a copy of all or a portion of a public record prevails in an action commenced under this section, the court shall award reasonable attorney' fees, costs, and disbursements. If the person or public body prevails in part, the court may, in its discretion, award all or an appropriate portion of reasonable attorneys' fees, costs, and disbursements. . . . [MCL 15.240(6).]

In other words, "[p]ursuant to MCL 15.240(6), a trial court must award reasonable costs and attorney fees to a plaintiff who successfully seeks the release of records in the circuit court." *Krug v Ingham Co Sheriff's Office*, 264 Mich App 475, 483; 691 NW2d 50 (2004).[4] However, as an exception to this general rule, it has been long-recognized that a litigant proceeding *in propria persona*, including an attorney acting on his own behalf, cannot claim attorneys' fees under the FOIA. *Laracey v Fin Institutions Bureau*, 163 Mich App 437, 446; 414 NW2d 909 (1987); *Schinzel v Wilkerson*, 110 Mich App 600, 604; 313 NW2d 167 (1981). See also *Omdahl v W Iron Co Bd of Ed*, 478 Mich 423, 430-432 & n 4; 733 NW2d 380 (2007).

Given these principles, in this case, we conclude that the trial court properly denied plaintiffs' request for attorneys' fees under MCL 15.240(6) because Miller could not prevail in a FOIA action when he was not "the requesting party" and, insofar as Rolfe represented himself, he could not claim attorneys' fees while proceeding *in propria persona*. In particular, as noted, a civil action under the FOIA may be commenced by "the requesting party." See MCL 15.235(8); MCL 15.240(1). By specifically naming "the requesting party" in both MCL 15.235(8) and MCL 15.240(1) as the individual empowered to file suit, the Legislature has made plain that *only* "the requesting party" has authority to initiate a civil FOIA suit under these provisions. Cf. *Miller v Allstate Ins Co*, 481 Mich 601, 611; 751 NW2d 463 (2008). And, plainly, Rolfe was "the requesting party" in this case. The facts show that Rolfe sent FOIA requests in his own name on September 18, 2014 and that these FOIA requests included absolutely no mention of Miller or the fact that Rolfe had been retained by Miller.[5] Because Rolfe was "the requesting

---

[4] We note that numerous cases have held that a plaintiff is entitled to attorneys' fees under MCL 15.240(6) even if the public body discloses the requested records during the pendency of the litigation, thereby rendering the FOIA claim moot. See, e.g., *Krug*, 264 Mich App at 483; *Thomas*, 254 Mich App at 202. Thus, in this case, to the extent the trial court held that attorneys' fees were inappropriate because, during litigation, defendant disclosed the relevant materials before ordered to so by the trial court, denial of plaintiffs' request for attorneys' fees on this basis was erroneous.

[5] Aside from Rolfe's FOIA requests, in a separate letter to defendant entitled "Misappropriation of special assessment revenues from Sherman Township/Nottawa Township Special Assessment District," which was also dated September 18, 2014, Rolfe mentioned that he had been "retained" by a "Lake Templene property owner" to investigate the possible misappropriation of

party," Rolfe could commence a civil action in his own name under MCL 15.240(1). In contrast, given that Miller did not make a FOIA request, there is no provision that would empower Miller to file or maintain an action under the FOIA.

Given that Miller could not maintain an action under MCL 15.240, it follows that he could not obtain attorneys' fees under MCL 15.240(6). Again, MCL 15.240(6) provides for the award of reasonable attorneys' fees if "a person *asserting the right to inspect, copy, or receive* a copy of all or a portion of a public record prevails in an action commenced *under this section*." An action can only be "commenced under this section" when it is brought by "the requesting party." See MCL 15.240(1). Moreover, a person "has the right to inspect, copy, or receive copies" of public records "*upon* providing a public body's FOIA coordinator with a written request." MCL 15.233(1). In other words, it is only "upon" the submission of a written request that a person has "asserted" the right to receipt of public documents, see MCL 15.233(1), MCL 15.233(2), and therefore it is only "the requesting party" who can be said to have asserted this right as required to claim attorneys' fees under MCL 15.240(6). Quite simply, only the requesting party may bring an action under the FOIA, and only a requesting party can be considered to have prevailed in such an action within the meaning of MCL 15.240(6).

Because Miller failed to assert his right to public information by submitting a FOIA request, he could not file a civil action and he could not have prevailed within the meaning of MCL 15.240(6). Consequently, Miller is not entitled to an award of attorneys' fees.

Finally, as noted, because Rolfe submitted a FOIA request, he could commence a FOIA action in his own name following the final denial of that request. See MCL 15.235(8); MCL 15.240(1). However, when he did so in his own name based on his own FOIA request, he proceeded *in propria persona* and he was therefore ineligible for attorneys' fees. See *Laracey*, 163 Mich App at 446. See also *Burka v US Dep't of Health & Human Servs*, 142 F3d 1286, 1290 (1998). Overall, the trial court properly denied plaintiffs' request for attorneys' fees under MCL 15.240(6).

---

funds. To the extent that Miller relies on this letter, we find that reliance unavailing. In that letter, Miller was not identified by name as the client and, like the other correspondence from Rolfe, this letter was signed solely by Rolfe. Moreover, while this letter requested a "full accounting of all special assessment revenues," this letter did not purport to be a FOIA request made in accordance with MCL 15.235(1). Rather, the letter, signed by Rolfe, specified that "I am also requesting these public records pursuant to the Michigan Freedom of Information Act *by separate correspondence* directed to the FOIA Coordinator of each of the three public bodies." In short, this letter was not a FOIA request and, in any event, the oblique reference in this letter to an anonymous property owner does not establish Miller as a "requesting party" under the FOIA. Cf. *Brown v US EPA*, 384 F Supp 2d 271, 276 (DDC 2005) (considering similar scenario under federal FOIA); *Mahtesian v US Office of Pers Mgt*, 388 F Supp 2d 1047, 1048 (ND Cal 2005) and cases therein.

Affirmed.

/s/ Donald S. Owens
/s/ William B. Murphy
/s/ Joel P. Hoekstra