# STATE OF MICHIGAN

# COURT OF APPEALS

PHAEDRA PETERSEN,

UNPUBLISHED
May 1, 2018

Plaintiff-Appellant,

v

No. 336301
Macomb Circuit Court
LC No. 2014-001422-CZ

CHARTER TOWNSHIP OF SHELBY,

Defendant-Appellee.

Before: RIORDAN, P.J., and BOONSTRA and GADOLA, JJ.

PER CURIAM.

After remand, plaintiff, Phaedra Petersen, appeals as of right the trial court's order granting defendant, the Charter Township of Shelby, summary disposition of her claim for attorney fees and costs under Michigan's Freedom of Information Act (FOIA), MCL 15.231 *et seq*. We reverse the order of the trial court, and remand for entry of an order granting plaintiff attorney fees and costs.

## I. FACTS

This matter is returning to this Court after remand to the trial court. In *Petersen v Charter Twp of Shelby*, unpublished per curiam opinion of the Court of Appeals, issued April 28, 2016 (Docket No. 323868), this Court affirmed in part and reversed in part the trial court's order granting defendant summary disposition pursuant to MCR 2.116(C)(7), (C)(8), and (C)(10). In our opinion in that appeal, we summarized the pertinent facts as follows:

> This case arose from plaintiff's attempts to obtain police records from the Shelby Township Police Department. On February 18, 2014, plaintiff presented a written request (dated February 17, 2014) seeking documents and police reports related to a retail fraud investigation involving allegations that a certain individual shoplifted from a Kohl's department store. While defendant disclosed documents in response to plaintiff's request at a cost of $62.00, plaintiff claims that the disclosed documents were not the documents she was seeking.

> On March 10, 2014, plaintiff submitted another record request (dated March 7, 2014), in which she specifically requested "pursuant to the state open records act," "access to and copies of case 11-41282 for retail fraud." Plaintiff alleges that, four days later, a Shelby Township employee told her that documents

-1-

related to Case No. 11-41282 would not be disclosed because the case—entailing an incident that occurred in 2011—was still under investigation and plaintiff had not made an "official" FOIA request for the documents. No additional documents were provided to plaintiff in response to her second request.

On April 8, 2014, plaintiff's counsel submitted an online FOIA request on plaintiff's behalf requesting "all documents related to Shelby Police Department (SPD) incident report #11-41282," as well as "all SPD dispatch and run reports for the day in which report #11-41282 was created," and "all records, audio recordings of telephone calls between Phaedra Petersen and 'Grace,' at Shelby Twp."

On April 11, 2014, plaintiff filed a complaint alleging (1) a FOIA violation with respect to the February 18, 2014 record request, (2) a FOIA violation with respect to the March 10, 2014 record request, and (3) a claim for declaratory judgment that the Shelby Township Police Department is not subject to any FOIA exemptions with respect to Case No. 11-41282 and that defendant has failed to meet its burden of demonstrating a valid exemption to disclosure.

On April 15, 2014, defendant produced the incident report in its Case No. 11-41282.

Plaintiff moved for summary disposition under MCR 2.116(C)(9) and (10), and for attorney fees and costs under MCL 15.240, MCR 2.114(E), and MCL 600.2591. Defendant moved for summary disposition under MCR 2.116(C)(7), (8), and (10). Although the parties noticed their motions for a hearing, no such hearing took place. Instead, the trial court issued a written opinion and order granting summary disposition to defendant and denying plaintiff's motion. [*Petersen*, unpub op at 1-2 (footnotes omitted).]

Plaintiff appealed the trial court's order to this Court. In that appeal, this Court held that the trial court correctly determined that plaintiff was not entitled to statutory damages under MCL 15.240(7). This Court further held that because defendant had ultimately disclosed the requested records, the trial court correctly determined that plaintiff was not entitled to an order compelling production of the records, nor to other declaratory relief. *Id*. at 3-5. This Court reversed the trial court's order granting defendant summary disposition of plaintiff's request for attorney fees and costs, however, and remanded that issue to the trial court. This Court explained:

[T]o be entitled to attorney fees and costs, a plaintiff must prevail "in its assertion of the right to inspect, copy, or receive a copy of all or a portion of a public record." *Local Area Watch* [ *v City of Grand Rapids*], 262 Mich App [136,] 149 [;683 NW2d 745 (2004)]. The test is whether (1) the action was reasonably necessary to compel the disclosure, and (2) the action had the substantial causative effect on the delivery of the information to the plaintiff. *Id*.

In this case, the trial court denied plaintiff's request for attorney fees and costs on the ground that the court never made a finding that the requested documents were subject to disclosure under FOIA, "nor was it requested to do so." The trial court never determined whether the requested documents were subject to disclosure under FOIA because defendant released the documents four days after the complaint was filed. This Court has held, however, that "the disclosure of the records after plaintiff commenced the circuit court action rendering the FOIA claim moot as to the late-disclosed items does not void plaintiff's entitlement to fees and costs under [MCL 15.240(6)]." *Local Area Watch*, 262 Mich App at 150. Therefore, even though the requested documents had been disclosed to plaintiff, the trial court should have determined whether the documents were subject to FOIA disclosure for the purpose of determining plaintiff's right to attorney fees and costs.

Furthermore, the trial court erred in finding that plaintiff did not request a determination that the documents were subject to disclosure under FOIA. In her motion for summary disposition, plaintiff argued that she was entitled to attorney fees and costs because no exemption justified the failure to disclose the requested documents. Therefore, contrary to the trial court's finding, plaintiff requested a determination whether the requested documents were subject to disclosure under FOIA. Without making this determination, the trial court could not properly determine whether plaintiff was entitled to attorney fees and costs. Accordingly, we remand this case to the trial court for a determination of (1) whether the requested documents were subject to disclosure under FOIA, (2) whether the action was reasonably necessary to compel the disclosure, and (3) whether the action had the substantial causative effect on the delivery of the information to plaintiff. [*Petersen*, unpub op at 4-5.]

On remand to the trial court, the parties submitted briefs addressing the questions articulated by this Court regarding attorney fees and costs. Plaintiff, however, also filed a motion to compel responses to previous discovery requests. Defendant responded by filing a motion to strike plaintiff's motion to compel, and also to strike portions of plaintiff's brief before the trial court.

After a hearing, the trial court granted defendant summary disposition on the question of attorney fees and costs. The trial court found that the records requested by plaintiff were exempt from disclosure. The trial court reasoned that at the time of the February 2014 request, the investigation by the police department was ongoing and that under MCL 15.243(1)(b)(*i*), the requested records therefore were exempt as investigating records compiled for law enforcement purposes, the disclosure of which would interfere with law enforcement proceedings The trial court also held that the records were exempt at the time of all requests under MCL 15.243(1)(b)(*iii*), because they were investigating records compiled for law enforcement purposes, the disclosure of which would constitute an unwarranted invasion of personal privacy.

The trial court further held that plaintiff was not entitled to attorney fees and costs because the legal action was neither reasonably necessary to compel disclosure of the records, nor did it have a substantial causative effect on the disclosure of the records. The trial court

reasoned that because the records were exempt from disclosure, plaintiff could not "prevail" in the action within the meaning of the statute. The trial court further reasoned that because the records had been disclosed after plaintiff's April 2014 request, the lawsuit was not reasonably necessary to compel the disclosure nor a substantial causative effect on the delivery of the information to plaintiff. The trial court therefore concluded that plaintiff was not entitled to mandatory attorney fees and costs under MCL 15.240(6), and that it would not exercise its discretion to award any attorney fees under that same provision. The trial court also denied plaintiff's motion to compel and defendant's motion to strike. Plaintiff now appeals to this Court from the trial court's order.

## II. DISCUSSION

## A. ATTORNEY FEES AND COSTS

On appeal, plaintiff contends that the trial court erred in granting defendant summary disposition of her claim for attorney fees and costs.[1] Plaintiff argues that the trial court erred in determining that the records in question were exempt from disclosure. She also contends that the lawsuit was reasonably necessary to compel disclosure of the records, as well as a substantial causative factor in the ultimate disclosure of the records, and that she therefore is entitled to attorney fees and costs under MCL 15.240(6). We conclude that the requested records were exempt from disclosure, but also conclude that plaintiff nonetheless was entitled to attorney fees and costs under the FOIA.

## 1. STANDARD OF REVIEW

We review de novo the trial court's interpretation and application of the FOIA. *ESPN, Inc v Mich State Univ*, 311 Mich App 662, 664; 876 NW2d 593 (2015). Generally, whether a record is exempt from disclosure is a mixed question of fact and law, but if the facts are undisputed and reasonable minds could not differ, the question whether a public record is exempt under FOIA is a question of law for the court. *Rataj v City of Romulus*, 306 Mich App 735, 747-748; 858 NW2d 116 (2014). The trial court's factual determinations in a FOIA action, if any, are reviewed for clear error. *King v Mich State Police Dep't*, 303 Mich App 162, 174; 841 NW2d 914 (2013).

We also review de novo a trial court's grant or denial of summary disposition. *Arabo v Mich Gaming Control Bd*, 310 Mich App 370, 382; 872 NW2d 223 (2015). Here, plaintiff moved for summary disposition pursuant to MCR 2.116 (C)(9) and (10), and we conclude that she was entitled to summary disposition under both subsections. A motion for summary disposition brought pursuant to MCR 2.116(C)(9) tests the sufficiency of the defendant's pleadings, and is properly granted when the defendant has failed to state a valid defense to the

---

[1] Plaintiff also contends that the trial court erred in denying her motion to compel discovery. The trial court properly denied this motion as outside the scope of this Court's remand order. *International Business Machines Corp v Dep't of Treasury*, 316 Mich App 346, 350; 891 NW2d 880 (2016). For the same reason, we decline to reach that issue in this appeal.

claim. *Payne v Farm Bureau Ins*, 263 Mich App 521, 525; 688 NW2d 327 (2004). A motion for summary disposition under MCR 2.116(C)(10) is properly granted when, except as to damages, there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012).

## 2. DISCLOSURE UNDER FOIA

Under Michigan's FOIA, "all persons . . . are entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and public employees, consistent with this act." MCL 15.231(2); see also *Amberg v Dearborn*, 497 Mich 28, 30; 850 NW2d 674 (2014). Michigan's FOIA therefore generally mandates the full disclosure of public records in the possession of a public body. *Ellison v Dep't of State*, 320 Mich App 169, 176; 906 NW2d 221 (2017) Michigan's FOIA is thus described as a pro-disclosure statute. *Thomas v New Baltimore*, 254 Mich App 196, 201; 657 NW2d 530 (2003).

The FOIA sets forth specific requirements for a public body responding to a request for information. *Id*. When a request for records is made under FOIA, a public body has a duty to provide access to or copies of the requested records, unless those records are exempt from disclosure. *Pennington v Washtenaw Co Sheriff*, 125 Mich App 556, 564; 336 NW2d 828 (1983). MCL 15.235 provides, in relevant part:

(2) Unless otherwise agreed to in writing by the person making the request, a public body shall respond to a request for a public record within 5 business days after the public body receives the request by doing 1 of the following:

(a) Granting the request.

(b) Issuing a written notice to the requesting person denying the request.

(c) Granting the request in part and issuing a written notice to the requesting person denying the request in part.

(d) Issuing a notice extending for not more than 10 business days the period during which the public body shall respond to the request. A public body shall not issue more than 1 notice of extension for a particular request.

(3) Failure to respond to a request pursuant to subsection (2) constitutes a public body's final determination to deny the request if either of the following applies:

(a) The failure was willful and intentional.

(b) The written request included language that conveyed a request for information within the first 250 words of the body of a letter, facsimile, electronic mail, or electronic mail attachment, or specifically included the words, characters, or abbreviations for "freedom of information", "information", "FOIA", "copy", or a recognizable misspelling of such or appropriate legal code reference to this act,

on the front of an envelope or in the subject line of an electronic mail, letter, or facsimile cover page.

When a public body denies a request under FOIA, the burden is upon that public body to justify the denial. *Thomas*, 254 Mich App at 203. MCL 15.235(5) requires a public body denying a request "in whole or in part" to send a written notice to the person making the request, including:

> (a) An explanation of the basis under this act or other statute for the determination that the public record, or a portion of that public record, is exempt from disclosure, if that is the reason for denying all or a portion of the request.

> (b) A certificate that the public record does not exist under the name given by the requester or by another name reasonably known to the public body, if that is the reason for denying the request or a portion of the request.

Thus, when a public body denies a request, the public body is required to explain in writing the basis for denying disclosure of the record. MCL 15.235(5). If the reason for denial is that the record is exempt from disclosure, the public body must explain the basis for the exemption. MCL 15.235(5)(a). Similarly, if the reason for the denial of the request is that the record does not exist, the public body must certify that the record does not exist. MCL 15.235(5)(b). A public body's failure to timely respond to a request for records constitutes a denial of the request. *Local Area Watch v Grand Rapids*, 262 Mich App 136, 150; 683 NW2d 745 (2004). The purpose of this requirement is to prevent a public body from using silence effectively to deny a FOIA request, necessitating a lawsuit by the requester to force production of the record or to discover the reason for the denial. See *Key v Twp of Paw Paw*, 254 Mich App 508, 511; 657 NW2d 546 (2003).

In this case, plaintiff requested records from defendant in March 2014. Defendant was required by FOIA either to produce the records or to deny the request in writing, stating the basis for the denial. MCL 15.235(5). Defendant, apparently concluding that the requested records were exempt from disclosure, failed to either produce the records or to deny the request in writing within the time period established by the statute. Because defendant was required by the FOIA to respond to plaintiff's request regardless of the exemption status of the documents requested, defendant's failure to respond to the March 2014 request violated the FOIA.

## 3. EXEMPTION FROM DISCLOSURE

A request for public records made pursuant to FOIA must be fulfilled unless MCL 15.243 lists an applicable exemption. *Coblentz v Novi*, 475 Mich 558, 573; 719 NW2d 73 (2006). In that regard, MCL 15.243 provides, in relevant part:

(1) A public body may exempt from disclosure as a public record under this act any of the following:

(a) Information of a personal nature if public disclosure of the information would constitute a clearly unwarranted invasion of an individual's privacy.

(b) Investigating records complied for law enforcement purposes, but only to the extent that disclosure as a public record would do any of the following:

(*i*) Interfere with law enforcement proceedings.

(*ii*) Deprive a person of the right to a fair trial or impartial administrative adjudication.

(*iii*) Constitute an unwarranted invasion of personal privacy.

In this case, we remanded to the trial court to decide whether plaintiff was entitled to attorney fees and costs under FOIA, including a decision whether the requested records were exempt from disclosure under FOIA. On remand, the trial court determined that the requested records were exempt from disclosure. The trial court first found that at the time of the February 2014 request, the requested records related to an investigation that was still classified as "open" by law enforcement and therefore the records were exempt from disclosure under MCL 15.243(1)(b)(*i*) as investigating records compiled for law enforcement purposes, the disclosure of which would interfere with law enforcement proceedings. The record, however, does not support this conclusion in light of the test set forth in *Evening News Ass'n v City of Troy*, 417 Mich 481, 503; 339 NW2d 421 (1983).

In *Evening News*, our Supreme Court held that it was not sufficient to demonstrate an exemption under MCL 15.243(1)(b)(i) to simply determine that disclosure of the requested records would interfere with law enforcement proceedings. See also *King v Oakland Co Prosecutor*, 303 Mich App 222, 227; 842 NW2d 403 (2013). Rather, the Court identified six factors for consideration by a court analyzing a claimed exemption under MCL 15.243(1)(b)(*i*):

1.      The burden of proof is on the party claiming exemption from disclosure.

2.      Exemptions must be interpreted narrowly.

3.      [T]he public body shall separate the exempt and nonexempt material and make the nonexempt material available for examination and copying.

4.      [D]etailed affidavits describing the matters withheld must be supplied by the agency.

5.      Justification of exemption must be more than conclusory, i.e., simple repetition of statutory language. A bill of particulars is in order. Justification must indicate factually how a particular document, or category of documents, interferes with law enforcement proceedings.

6.      The mere showing of a direct relationship between records sought and an investigation is inadequate. [*Evening News*, 417 Mich at 503 (quotation marks and citations omitted; alterations in original).]

Here, the parties do not dispute that at the time of the February 2014 request, the records in question were part of a 2011 police investigation that was still clerically marked as "open" by defendant. A review of the record, however, indicates that defendant did not demonstrate specifically how the requested records or portions of the requested records would interfere with law enforcement proceedings, and no delineation was made between exempt and nonexempt portions of the records requested. Because mere conclusory language that the case was marked "open" by defendant is not sufficient to demonstrate that disclosure would interfere with law enforcement proceedings, defendant did not meet its burden of proving that the requested records were exempt under MCL 15.243(1)(b)(*i*).

The trial court, however, also found that the requested records were exempt at the time of both the February and the March 2014 requests under MCL 15.243(1)(b)(*iii*) because the records were investigating records compiled for law enforcement purposes, and disclosure of the requested records would constitute an unwarranted invasion of personal privacy. In this case, it is undisputed that the records, which all stem from an arrest and the subsequent investigation, are "investigating records compiled for law enforcement purposes . . . ." MCL 15.243(1)(b)(*iii*). Thus, the only question is whether the disclosure of such records would "[c]onstitute an unwarranted invasion of personal privacy." MCL 15.243(1)(b)(*iii*).

Our goal in interpreting a statute is to discern and give effect to the intent of the Legislature, first focusing upon the plain language of that statute. *Madugula v Taub*, 496 Mich 685, 696; 853 NW2dd 75 (2014). "Unless otherwise defined in the statute, or understood to have a technical or peculiar meaning in the law, every word of phrase of a statute will be given its plain and ordinary meaning." *Landry v Dearborn*, 259 Mich App 416, 421; 674 NW2d 697 (2004). In light of the dearth of authority specifically on point, the parties and the trial court in this case understandably rely on cases interpreting MCL 15.243(1)(a), which exempts from disclosure "[i]nformation of a personal nature if public disclosure of the information would constitute a clearly unwarranted invasion of an individual's privacy." Generally, it is proper to interpret statutes with identical language in an identical manner when those statutes are part of the same act. *People v Wiggins*, 289 Mich App 126, 128-129; 795 NW2d 232 (2010).

The relevant language of MCL 15.243(1)(a) (the privacy exemption) and MCL 15.243(1)(b)(*iii*) (the law enforcement purposes privacy exemption), though not identical, is similar. The exemption provided in MCL 15.243(1)(b)(iii), does not contain the specific language of subsection (1)(a), which requires that the information be "of a personal nature." *Herald Co, Inc v Kalamazoo*, 229 Mich App 376, 388; 581 NW2d 295 (1998). Further, MCL 15.243(1)(a) states that the disclosure must "clearly" amount to an "unwarranted invasion of an individual's privacy," while MCL 15.243(1)(b)(*iii*) omits the modifier "clearly," and refers to an "unwarranted invasion of personal privacy." See *Pennington*, 125 Mich App at 566. Omissions in statutory language are "deemed to be intentional." *Johnson v Marks*, 224 Mich App 356, 358; 568 NW2d 689 (1997). Omitting the word "clearly" from the exemption at issue in this case, MCL 15.243(1)(b)(*iii*), would seem to indicate our Legislature's intention that when investigative records are at issue, a lesser showing that disclosure would be an unwarranted invasion of privacy is required for the exemption to apply. See *Herald Co v Bay City*, 463 Mich 111, 126; 614 NW2d 873 (2000) (explaining that, with regard to MCL 15.243(1)(a), "[b]y providing that the invasion of privacy must be *clearly unwarranted*, the Legislature has

-8-

unmistakably indicated that the intrusion must be more than slight, but a very significant one indeed").

Under MCL 15.243(1)(a), the public body first must establish that the information is of a "personal nature," meaning that the information is "intimate, embarrassing, private, or confidential." *Bitterman v Oakley*, 309 Mich App 53, 62; 868 NW2d 642 (2015) (quotation marks and citation omitted). The second inquiry is whether public disclosure of this information "would constitute a clearly unwarranted invasion of an individual's privacy." MCL 15.243(1)(a); *ESPN, Inc*, 311 Mich App at 664. To answer this question, a court must "balance the public interest in disclosure against the interest [the Legislature] intended the exemption to protect. . . [T]he only relevant public interest in disclosure to be weighed in this balance is the extent to which disclosure would serve the core purpose of the FOIA, which is contributing significantly to public understanding of the operations or activities of the government." *Rataj*, 306 Mich App at 751 (citation omitted). Most often, the public's interest in disclosure outweighs the individual's expectation of privacy. *Bitterman*, 309 Mich App at 64. But "[r]equests for information on private citizens accumulated in government files that reveal little to nothing about the inner working of government will fail this balancing test." *ESPN*, 311 Mich App at 669 (citations omitted).

Even applying what would seem to be the more disclosure-friendly language of MCL 15.243(1)(a) and the cases analyzing that provision, however, indicates that the records sought by plaintiff in this case were exempt from disclosure. Here, the records sought relate to the arrest of an individual who was never prosecuted for that offense, which doubtless is a matter of personal privacy. This Court has held that "people linked with a crime, whether as a perpetrator, witness, or victim, have an interest in not sharing this information with the public." *State News v Mich State Univ*, 274 Mich App 558, 578; 735 NW2d 649 (2007), rev'd in part on other grounds 481 Mich 692 (2008).

Moreover, the records requested in this case would not contribute significantly to the public's understanding of the operations of the Shelby Township Police Department. Plaintiff argues that the records show that defendant provides certain individuals preferential treatment, and that the refusal to pursue charges against the suspect was the result of favoritism or partiality not shown to other similarly situated arrestees. The records, however, show no such conduct. Rather, the records requested only demonstrate that one individual was arrested for a misdemeanor offense, and after the victim declined to move forward with the case, the charges were dropped. The very nature of plaintiff's requests, which sought arrest records for only one person and not those of similarly situated individuals, demonstrates that the records could not show the comparison of the suspect's treatment to that of others similarly situated.

Plaintiff also argues that because the suspect is an attorney, the public has an interest in her misdeeds that is sufficient to warrant disclosure. Plaintiff cites no authority for such a proposition, thereby abandoning the issue. *Prince v MacDonald*, 237 Mich App 186, 197; 602 NW2d 834 (1999). In any event, the argument lacks merit. "The only relevant public interest in disclosure to be weighed in this balance is the extent to which disclosure would serve the core purpose of the FOIA, which is contributing significantly to public understanding of *the operations or activities of government*." *ESPN, Inc*, 311 Mich App at 669 (quotation marks, brackets, and citations omitted). Here, the suspect was not operating in any governmental

capacity when she was apprehended. The fact that she is an attorney in no way renders disclosure of her arrest and criminal investigation records a disclosure that would further the public's understanding of government operations.

Moreover, the interests supporting disclosure must also be balanced against the privacy interests of those mentioned in the requested documents. There is doubtless a privacy interest in having arrest records remain private. Indeed, as was explained in OAG, 1979-1980, No. 5500, p 282 (July 23, 1979):

> The fact that a person has been arrested is neither a determination of guilt nor a decision that a prosecuting attorney will decide to charge him with committing a crime. Therefore, unless the person requesting the information can demonstrate a public benefit in the disclosure of the fact that a person has been arrested without a warrant, the damage to the individual's privacy overcomes the need for the public to have this information. I am, therefore, of the opinion that a law enforcement agency may refuse to release the name of a person who has been arrested, but not charged, in a complaint or information, with the commission of a crime.

Though not binding upon this Court, *Danse Corp v Madison Hts*, 466 Mich 175, 182 n 6; 644 NW2d 721 (2002), we consider that an opinion of this state's Attorney General can serve as persuasive authority. *Williams v Rochester Hills*, 243 Mich App 539, 557; 625 NW2d 64 (2000). We agree with the opinion of the attorney general in this instance to the extent that it opines that there exists a privacy interest in keeping the fact of an arrest private when charges are not pursued.

As plaintiff has not identified any relevant interests in public disclosure, the trial court correctly found that the records at issue in this case were exempt from disclosure under MCL 15.243(1)(b)(*iii*). See *Herald Co*, 463 Mich at 126-127 ("[F]ulfilling a request for personal information concerning private citizens, where the request was entirely unrelated to any inquiry regarding the inner working of government, would constitute a clearly unwarranted invasion of privacy. . . . [W]hen the information sought is embarrassing or intimate, and the relationship between the personal information to be disclosed and the operations of our government is slight, the weaker is the case that disclosure should be made under the FOIA.") (quotation marks and citation omitted).

### 3. PREVAILING PARTY

As discussed, we remanded this case to the trial court to determine whether plaintiff was entitled to costs and attorney fees under FOIA. If a public body denies all or part of a request for records, the requesting person may commence a civil action in circuit court. MCL 15.240(1)(b). If the requesting person thereafter "prevails" in that action, MCL 15.240(6) provides for the award of attorney fees, costs, and disbursements as follows:

> If a person asserting the right to inspect, copy, or receive a copy of all or a portion of a public record prevails in an action commenced under this section, the court shall award reasonable attorneys' fees, costs, and disbursements. If the

person or public body prevails in part, the court may, in its discretion, award all or an appropriate portion of reasonable attorneys' fees, costs, and disbursements. The award shall be assessed against the public body liable for damages under subsection (7).

If a plaintiff prevails completely in his or her FOIA action, the award of attorney fees by the trial court is mandatory. *Estate of Nash v Grand Haven*, 321 Mich App 587, ___; ___ NW2d ___ (2017), slip op at 7. If a party prevails partially in the FOIA action, the decision to award attorney fees is discretionary with the trial court. *Local Area Watch*, 262 Mich App at 151.

The test of whether one has "prevailed" under MCL 15.240(6) is whether "the action was reasonably necessary to compel the disclosure [of public records], and [that] the action had a substantial causative effect on the delivery of the information to the plaintiff." *Amberg*, 497 Mich at 34. Even if a requested record is not subject to disclosure, however, the person requesting the record may nonetheless "prevail" in a FOIA action if the action was necessary to compel the public body to properly respond to the request. If a public body fails to adequately respond to a plaintiff's request for records, and that failure necessitates the plaintiff bringing a circuit court action under the FOIA to compel an adequate response from the public body, that plaintiff may "prevail" within the meaning of MCL 15.240(6) even if the FOIA action did not result in the plaintiff receiving additional records. *Hartzell v Mayville Comm School Dist*, 183 Mich App 782, 789; 455 NW2d 411 (1990) (even though the action did not have a "causative effect on the delivery of or access to the document, it had a causative effect on the disclosure of the nonexistence of the requested document"); see also *Key*, 254 Mich App at 511. Further, even when the records requested are exempt from disclosure, the plaintiff may be determined to have "prevailed" within the meaning of MCL 15.240(6) if the public body violates FOIA by failing to properly respond to the request as mandated by the statute. *Local 312 of American Federation of State, County, & Municipal Employees, AFL-CIO v Detroit*, 207 Mich App 472, 474; 525 NW2d 487 (1995).

In this case, defendant argues, and the trial court determined on remand, that the requested records were exempt from disclosure. We agree that the records were exempt from disclosure under MCL 15.243(1)(b)(*iii*). Defendant further argues, and the trial court found on remand, that because the records were exempt from disclosure, plaintiff was not entitled to attorney fees and costs. We disagree.

As discussed, a valid exemption from disclosure is not a defense to a failure to properly and timely respond to a request for records in compliance with FOIA. Rather, defendant was obligated to respond timely to the request, explaining the basis for the denial. MCL 15.235(5)(a). Even though the records were exempt from disclosure, if defendant's failure to respond adequately to plaintiff's request for records necessitated plaintiff bringing the circuit court action under the FOIA to compel defendant's obligatory response, plaintiff may "prevail" within the meaning of MCL 15.240(6). *Hartzell*, 183 Mich App at 789; *Local 312*, 207 Mich App at 474.

To determine whether plaintiff "prevailed" within the meaning of the act, we ask whether "the action was reasonably necessary to compel the disclosure [of public records]," and whether "the action had a substantial causative effect on the delivery of the information to the plaintiff."

*Amberg*, 497 Mich at 34. We conclude that the answer to both inquiries is affirmative. In this case, it is undisputed that plaintiff requested the records in question in February 2014, and defendant responded but did not include the relevant records. Plaintiff requested the records more specifically in March 2014, and defendant failed to respond, either by granting or denying the request, within the time provided by statute. Plaintiff again requested the records in April 2014. Before the time for responding to the April request had elapsed, plaintiff filed an action in the trial court seeking disclosure of the records and also seeking attorney fees and costs for the denial of the February and March 2014 requests. Defendant thereafter disclosed the requested records.

Defendant argues, and the trial court found on remand, that defendant disclosed the records to plaintiff in response to the April request and not in response to the lawsuit. We find this argument unpersuasive. When a public body fails to respond timely to a FOIA request, the public body violates FOIA. When that public body fails to respond to the request until after the plaintiff brings a circuit court action to compel a response, the plaintiff has a strong argument that the circuit court action was reasonably necessary to compel the defendant's response, and was a substantial causative effect in the disclosure. We further note that when a public body fails to respond to a request for records, thereby denying the request, the plaintiff's resubmission of the request does not divest the plaintiff of the ability to pursue his or her remedies under MCL 15.240(1) regarding the earlier denied request, such as commencing a civil action in the circuit court. *Scharret v Berkley*, 249 Mich App 405, 413; 642 NW2d 685 (2002); in accord, *Krug v Ingham Co Sherriff's Office*, 264 Mich App 475, 482; 691 NW2d 50 (2005). Plaintiff's April 2014 request for the records therefore did not impede her ability to pursue a circuit court action regarding defendant's failure to respond to her earlier requests.

In summary, defendant violated the FOIA when it failed to respond to plaintiff's March 2014 records request by either disclosing the records or issuing a written denial explaining the reason for the denial. MCL 15.235(5). Defendant's failure to respond to the request necessitated plaintiff bringing an action before the trial court to obtain a response from defendant. Although we conclude that the requested records were exempt from disclosure, plaintiff nonetheless prevailed in her action before the trial court within the meaning of the statute because the action had a "causative effect" on compelling a response from defendant to plaintiff's March 2014 request.

Reversed and remanded for entry of an order awarding plaintiff attorney fees and costs. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Mark T. Boonstra
/s/ Michael F. Gadola

-12-